### Dice, Appellant, *v.* Bender.

Argued October 3, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Harry R. Levy,* for appellant.

*Arthur J. Diskin,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 14, 1955:

Plaintiff, appellant, challenges the action of the court below in taking a property of defendants out of the operation of the doctrine of lis pendens.

Plaintiff, a plumber, furnished certain material and performed certain work for defendant Margaret Jane Bender upon two properties owned by her, one at 350 Maple Avenue, and the other at 206 Oakview Street, in the Borough of Edgewood, Allegheny County. Claiming the sum of $5,623.70 with respect to the former and $47.70 with respect to the latter property he filed a complaint in equity to recover those amounts. In the complaint he averred that at the time the work was performed and the materials furnished defendant Margaret was the owner of the two properties but that, having married the other defendant, Ray Gibbons Bender, she conveyed them to her husband and herself as tenants by the entireties, that the conveyances were without consideration, that they rendered her insolvent, and that they were made with the intent to defraud plaintiff as her creditor. The complaint prayed that the conveyances be set aside to the extent neces-

sary to satisfy his claim and that defendants meanwhile be enjoined from conveying or encumbering the premises. Defendants in their answer asserted that plaintiff had agreed to do all the work and furnish all the materials for the maximum sum of $3,000, which sum had been offered to plaintiff but which he had refused to accept. The answer denied that the conveyances rendered Margaret insolvent or that they were made with intent to defraud plaintiff or any other creditor but that, on the contrary, they were executed in accordance with the terms of a premarital agreement between the defendants.

While these proceedings were pending defendants filed a petition setting forth that they had negotiated a sale of the property 206 Oakview Street but that the title thereto was clouded by reason of plaintiff's equity action, that they had tendered to plaintiff the sum of $47.70 due for the work on the Oakview Street property but the tender had been refused, that the value of the Maple Avenue property, as appraised by a real estate broker, was $15,000, and amply sufficient, therefore, to cover the amount of any judgment which might be recovered by plaintiff. Accordingly, defendants prayed that the Oakview Street property should be released from the lien of the action. The court granted the petition and ordered that the Oakview Street property be "released from any and all liens that may arise by virtue of the instant suit in equity upon payment by the defendants to the plaintiff of the sum of $47.70, being the amount claimed by the plaintiff for plumbing work performed at said 206 Oakview Street, Edgewood, Pennsylvania."

At the outset it may be noted that the action to recover the amount claimed by plaintiff, to wit, $5,671.40, should have been brought at law, not in equity, so that the question of his right to such recovery might be de-

termined by a jury and not by a chancellor with the verdict of a jury being merely of an advisory nature; the attempt to set aside the conveyance of the properties would then more properly have been the subject of a separate action in Equity. However, passing this observation and coming to the question particularly involved on this appeal, it is plaintiff's contention that, his action having been indexed under the appropriate legislation, the lien upon the properties obtained by such registration* could not be set aside by the court either in whole or in part. This contention indicates a misapprehension of the doctrine in question. Strictly speaking, the effect of a lis pendens is not to establish actual liens upon the properties affected nor has it any application as between the parties to the action themselves; all that it does is to give notice to third persons that any interest they may acquire in the properties pending the litigation will be subject to the result of the action (see *Department of Public Assistance v. Kovacs, Administrator,* 46 D. & C. 652, 656). Nor is it true that the statutes of June 15, 1871, P. L. 387, May 22, 1878, P. L. 95, and June 19, 1913, P. L. 532, created the right of lis pendens. On the contrary, long before the enactment of any statutory regulations on the subject, the mere pendency of a suit in equity affecting the title to real property was held, both at common law and in equity, to constitute constructive notice thereof to all the world, and the registry statutes, so far from creating the doctrine, actually limited its application by making it effective only if the action were indexed in accordance with the statutory requirements. In short, being a creature not of statute but of common law and equity jurisprudence, the doctrine of lis pendens is wholly subject to equitable principles.

---

* No *mechanic's lien* was filed against the properties.

Thus, if a plaintiff were to delay unreasonably in the prosecution of his claim, or if the operation of the doctrine should prove to be harsh or arbitrary in particular instances, equity can and should refuse to give it effect, and, under its power to remove a cloud on title, can and should cancel a notice of lis pendens which might otherwise exist.

In the present instance the court was amply justified in cancelling the lis pendens of plaintiff's action so far as it affected the Oakview Street property. Having found that the Maple Avenue property had a value of $15,000,—nearly three times the amount in controversy—and was therefore ample security for any recovery that might be made by plaintiff in his action, it would have been most inequitable for the court to allow plaintiff to harass defendants by preventing them from selling the Oakview Street property. To reduce plaintiff's contention to a reductio ad absurdum, it would mean that if one had a claim of merely a trifling sum he could, pending litigation for its recovery in an equity proceeding, prevent his alleged debtor from conveying away property even though, perhaps, of a fabulous value, on an unjustified assumption that the working of the doctrine of lis pendens is wholly inexorable and uncontrollable.

The court below undoubtedly had the inherent power to remove what was an unwarranted cloud on defendants' title to the Oakview Street property, and its exercise of that power was amply justified under the circumstances.

Order affirmed at the cost of appellant.