## Slavitz v. Feinberg

*MacElree, Platt, Marrone & Harvey,* for plaintiff.
*Reilly, Fogwell & Lentz,* for defendant.

RILEY, J., July 6, 1962.—The question presented here arises upon plaintiff's petition and rule to strike a lis pendens indexed against plaintiff by the prothonotary upon praecipe of defendant. An action in assumpsit was instituted by way of filing and service of a complaint alleging damages incurred as a result of defendant's breach of an agreement of sale to purchase real property from plaintiff. Defendant filed an answer and a counterclaim, himself claiming damages as a result of an alleged breach of the contract by plaintiff. The counterclaim constitutes the basis for the lis pendens.

Defendant points to the Act of June 19, 1913, P. L. 532, sec. 1, 17 PS §1910, amending the Act of May 22, 1878, P. L. 95, which provides, inter alia, "That, from and after the passage of this act, it shall be the duty of the prothonotaries of the several courts of common pleas in this Commonwealth to keep a separate index docket, in which shall be entered, in alphabetical order, the names of all persons who may be lunatics or habitual drunkards . . . the names of all parties to suits *in equity* affecting real estate in any wise; and the names of all parties to proceedings otherwise relating to real estate, which *the court shall deem advisable to be entered therein, . . .*" (Italics supplied.) Under section 3 of said act, such indexing is declared to be "constructive notice to all persons of the matters contained in the proceedings . . ." Plaintiff contends that a cloud is placed upon the title to its property by virtue of the indexing of this action in the judgment index by virtue of the Act of June 15, 1871, P. L. 387, 17 PS §1908, requiring the prothonotary to so index "any other pro-

ceeding by which purchasers of real estate would be deemed to have had constructive notice . . ."

It is plaintiff's position that the subject indexing is without authority as the action is one at law for money damages in no wise "relating to real estate" within the meaning of the Act of 1913. Defendant's contention is that the basis of the action rests upon an agreement to sell real estate and that, while not affecting title or the property as such, it does thereby "relate to real estate".

We must coincide with the position of plaintiff. Without statutory authority for its entry in this case the indexing must fall. As pointed out in Dice v. Bender, 383 Pa. 94, a common law lis pendens existed preceding statutory enactment involving actions in equity affecting the title to real property. If broadened in scope, we must look to the statute and in so doing we find that the Act of 1913 reiterates the rule as to actions in equity affecting real estate in any wise and does extend to other proceedings relating to real estate "which the court shall deem advisable to be entered therein". We fail to discern authority for the indexing of the current action. This is not an action in equity and, even if we accept the strained construction of defendant that it does in some way "relate to real estate", no right of indexing is conferred by that fact.

The absolute right of indexing is granted to specified causes: lunacy, ejectment, equitable proceedings affecting title and others set forth in the act. Beyond those specified in regard to actions merely "relating to real estate", the legislature has designated the discretion of the court to control the indexing by the very clear and unmistakable words, "which the court shall deem advisable to be entered therein". The equitable control over lis pendens proceedings, recognized in the case of Dice v. Bender (supra), here exists by legislative direction in "other proceedings relating to real estate",

and where a court, upon application, deems a proceeding to relate to real estate within the meaning of the legislature, although the action may be at law or in other categories than those specifically enumerated in the act, it may permit the indexing if it further determines some right is involved that should be protected by such indexing according to equitable principles. No such application or approval of court appears in this case.

In this regard, we are in complete accord with the view expressed by Judge Sweney of Delaware County in Hambleton and Ezekiel v. Selden, 34 Del. Co. 126, at page 127, involving a claim for a commission upon a sale of land, "In this case, no application was made to the court for the indexing of the present case; had such an application been made, it would have been refused for the same reason it does not involve title to real property".

We do not view the Dice v. Bender case to control our decision in this matter. Defendant has pointed to that case as one involving money damages and argues that the Supreme Court therein sanctioned lis pendens in that category of action. A closer reading of the case, however, will inform defendant that the basic action was one in equity averring a conveyance of real property in fraud of plaintiff, a creditor, and praying that the conveyance be set aside and that defendants be further enjoined from conveying or encumbering the premises. In addition, plaintiff did claim money damages incidental to the action. Lis pendens was recognized by the Supreme Court quite properly, as a clearer case of an action in equity affecting title to real estate is difficult to imagine. The only question raised was whether the equitable powers of the court might be employed to limit the scope and effect of the legislative permit.

We see no preferential status merited merely be-

cause a monetary obligation is created as a result of a transaction involving real property distinguishing it from any other type of legal debt nor to be any more deserving of security. We have before us an action at law to recover damages arising from an alleged breach of contract and perceive no equitable principles moving us to grant extraordinary protection solely because the subject of the breached agreement involved real property. Neither the title to the property nor the premises itself are in any manner concerned in the litigation at hand.

### Order

And now, July 6, 1962, plaintiff's rule to show cause why the indexing of this action as lis pendens should not be stricken is hereby made absolute and the said listing is hereby ordered stricken from the record.