## Fletcher, Jr. v. Thurner Corp.

*Donald E. Rogers*, for plaintiffs.
*Dale Cleland*, for defendant.

LEWIS, J., October 7, 1964.—This matter comes before the court en banc on defendant's petition to remove plaintiffs' complaint in equity from the ejectment and miscellaneous index.

Plaintiffs are all owners of plots of land in the Lebanon Crest Plan of Lots, situate in Bethel Borough, Allegheny County, Pa. Defendant corporation is a real estate developer and is the owner of certain plots of land in the same Lebanon Crest Plan of Lots.

Early in 1962, defendant engaged in certain earth removal operations on its land. Plaintiffs expressed their concern to defendant that such operations would change the direction and alter the flow of water from the defendant's higher land onto the plaintiffs' lower land.

Following meetings and negotiations, the parties entered into an agreement in May, 1962. By the terms of this agreement, the defendant agreed to construct and maintain a drainage ditch, seed the slopes, and generally drain its upper land so as not to affect the plaintiffs' land.

In March 1963, plaintiffs filed a praecipe for writ of summons in equity and directed that the proceeding "affecting real estate of the Defendant" be indexed as lis pendens. A complaint was filed in January 1964 in which plaintiffs requested the court to compel defendant to carry out the terms of the aforesaid contract and defendant filed an answer. Defendant then filed the petition, now before us, to remove the plaintiffs' complaint from the ejectment and miscellaneous index.

Lis pendens has been defined as the jurisdiction, power or control which a court acquires over property involved in a suit, pending the continuance of the action, and until final judgment therein: Bungar v. St. Michael's Greek Catholic Church, 272 Pa. 402 (1922).

More particularly, however, "the effect of a lis pendens is not to establish actual liens upon the properties affected nor has it any application as between the parties to the action themselves; all that it does is to give notice to third persons that any interest they may acquire in the properties pending the litigation will be subject to the result of the action": Dice v. Bender, 383 Pa. 94, 97 (1955).

Although the doctrine of lis pendens has its basis in the common law, its application is now governed by statute: Act of June 15, 1871, P. L. 387, as amended, 17 PS §1908; Act of May 22, 1878, P. L. 95, as amended, 17 PS §1910.

Under the heading "Certain proceedings to be entered on index or docket", Purdon's Statutes, 17 PS §1908, provides:

"When any proceedings in lunacy, habitual drunken-

ness, to revive and continue the lien of debts against a decedent's real estate by bill or otherwise, or a petition to declare void any agreement, deed or other paper or proceeding conveying or vesting title to real estate in this commonwealth, *or any other proceeding by which purchasers of real estate would be deemed to have had constructive notice,* shall have been commenced in any of the courts of this commonwealth, it shall be the duty of the several prothonotaries and clerks to enter the same upon either the judgment or ejectment and miscellaneous indexes or dockets of said courts as directed by local rules of court, and to certify the same as liens in any certificate of liens that they may be required to make by virtue of their office." (Italics supplied.)

Section 1910 of the same title is captioned "Separate index docket; ejectment and miscellaneous index" and provides, inter alia:

"From and after the passage of this act, it shall be the duty of the prothonotaries of the several courts of common pleas in this Commonwealth to keep a separate index docket, in which shall be entered, in alphabetical order, . . . the names of all persons or parties against whom injunctions have been granted restraining them from selling or in any way encumbering real estate, . . . *and the names of all parties to suits in equity affecting real estate in any wise; and the names of all parties to proceedings otherwise relating to real estate, which the court shall deem advisable to be entered therein,* and such index shall then be called the Ejectment and Miscellaneous Index. . . ." (Italics supplied.)

The purpose of lis pendens is to enable third persons to obtain notice that litigation is pending that may ultimately affect property rights in a certain parcel of real estate. Admittedly, the doctrine is traditionally employed when the question to be determined is the

title to the real estate. Thus, in Dice v. Bender, supra, lis pendens was proper because plaintiff alleged that the property had been fraudulently transferred to defeat his right as a creditor.

Clearly, a prospective landowner is entitled to notice of pending litigation that may affect his pure title to the land. It appears logical that such a prospective landowner should also be permitted to obtain notice of litigation, involving the land in question, which may affect his right to use and enjoy the land or impose unforeseen duties and liabilities upon him as landowner.

In Hilsee v. Boyd, 67 D. & C. 212 (1949), the issue to be litigated was whether or not certain building restrictions constituted a general plan so as to impose the same restrictions upon surrounding property. Although there was no question of validity of title to the surrounding property but rather a restriction upon the use of it, lis pendens was permitted as to that property.

In the present situation, the relief sought by the plaintiffs could conceivably result in the need for some alteration of the defendant's abutting land now in question. Without entering into the merits of plaintiffs' complaint, it is sufficient to say that this possibility exists and justice requires that a potential buyer be appraised of it.

A careful reading of the relevant statutes, quoted above, fails to indicate any prohibition. In fact, the indication is that the legislature granted the right to employ judicial discretion in situations such as the present one.

It is our opinion that, based upon the facts of the present situation, the entry in the ejectment and miscellaneous index is proper and should stand. However, such entry should be amended so as to include only those plots of land that are within the scope of plain-

tiffs' complaint in equity. Therefore, defendant's petition to remove plaintiffs' complaint in equity from the ejectment and miscellaneous index should be refused, provided plaintiffs amend their lis pendens so as to include only the property involved.

### ORDER OF COURT

And now, to wit, October 7, 1964, it is ordered, adjudged and decreed that defendant's petition to remove plaintiffs' complaint in equity from the ejectment and miscellaneous index be and the same is hereby refused, and plaintiffs are ordered to amend the entry within 20 days so that it will include only those plots of land that are within the scope of plaintiffs' complaint in equity.