## White v. Salvitti

*John J. X. Fenerty,* for plaintiff.
*Arthur Packel,* for defendants.

HIRSH, J., May 19, 1972.—This matter is before the court on the motion of defendant, U. S. Fast Foods, Inc. to strike a lis pendens.

On October 19, 1971, plaintiff filed a praecipe for summons in equity including the phrase "And Lis Pendens this action against the premises 5948 Oxford Avenue, Philadelphia, Pa." A lis pendens was listed in

the judgment index against the two defendants. This summons was not lodged with the sheriff for service

The prothonotary erroneously docketed the case as: "Complaint in Equity" instead of "Summons in Equity."

Both the record itself and the legal memoranda of counsel disclose that no complaint has been filed.

On December 28, 1971, a summons in equity was re-issued, and served on defendant, Augustine Salvitti, on December 29, 1971, and on defendant, U. S. Fast Foods, Inc., on December 31, 1971, by the Sheriff of Dauphin County.

This court on January 6, 1972, granted the motion of defendant, U. S. Fast Foods, Inc., to strike the lis pendens and plaintiff, on January 13, 1972, filed an amended praecipe to lis pendens this action against the same premises.

Lis pendens, introduced by Lord Francis Bacon, is a common-law procedure and not a statutory one. The statutes merely regulate its use. In Dice v. Bender, 383 Pa. 94 (1955), explained the proper use and application of the procedure, at page 97:

"Strictly speaking, the effect of a lis pendens is not to establish actual liens upon the properties affected nor has it any application as between the parties themselves; all that it does is to give notice to third persons that any interest they may acquire in the properties pending the litigation will be subject to the result of the action. . . ."

The working of the doctrine of lis pendens is not wholly inexorable and uncontrollable. This court has the inherent power to remove an unwarranted cloud on defendant's title: Dice v. Bender, supra, at page 98.

We find that the circumstances of this case do not justify the use of lis pendens. No complaint has been filed and the court does not have before it even a scintilla of data to show that this is a suit in equity

affecting the title to real estate. No facts have been alleged to raise the issue of defendent's title to the properties. In Goldman et al. v. McShain, 432 Pa. 61 (1968), plaintiff filed a complaint in equity together with the lis pendens and the court stated this was the correct procedure. Here, the record consists of a summons only and a praecipe to list the lis pendens. It is not sufficient to warrant enlisting of the machinery of the court in creating a cloud on a title.

The local Rule of Civil Procedure *251(d)(1) permits the court to grant a motion to strike as of course where the relief sought depends entirely upon matter of record. This power was affirmed in McCahill v. Roberts, 421 Pa. 233, 239 (1966).

Therefore, it is accordingly ordered that defendant, U. S. Fast Foods, Inc.'s motion to strike lis pendens is granted.