## Cory v. Yogi's Bar, Inc.

*David J. Picker*, for plaintiff.
*William J. Brennan*, for defendants.

MOSS, *J.*, November 18, 1980—The sole question at the present stage of this action is whether a lis pendens entered therein should be stricken.

This is an action in equity wherein plaintiff, Wil-

liam J. Cory, seeks to set aside an agreement of January 10, 1979 whereby he is the lessee/purchaser of a certain restaurant, bar, liquor license and building situated at 69 East Fourth Street, Bridgeport, this county.

Plaintiff alleges that defendants made representations that the gross receipts of the sale of liquor and food were sufficient to pay all expenses and costs of operation of restaurant and bar, pay defendants $150 monthly rental and have $300 net income for use of plaintiff; that the representations were false, untrue and fraudulent in that the net receipts were not sufficient to yield the aforesaid $300 net income.

Plaintiff also alleges that defendants further misrepresented that all creditors of defendants would be paid before plaintiff took possession; that as a result of the fraudulent representations of defendants and the failure of defendants to pay previously existing creditors, plaintiff was forced to vacate the premises, and turn over the premises including restaurant and bar business to defendants.

Plaintiff prays that the contract of January 10, 1979 be cancelled, that the total payments of $20,500 which he made on account be repaid, and that defendants be declared trustees ex maleficio for the said payments; that defendants be ordered to sell the liquor license, bar, business and premises and that plaintiff receive $20,500 therefrom; that defendants be temporarily and perpetually restrained from moving, pledging or disposing of said property.

The Act of June 15, 1871, P.L. 387, 17 P.L. § 1908, requires the prothonotary to enter in the judgment index any action "to declare void any agreement, deed or other paper or proceeding conveying or vesting title to real estate . . ." where said action "shall

have been commenced in any of the courts of this commonwealth."

". . . [T]he effect of a lis pendens is not to establish actual liens upon the properties affected nor has it any application as between the parties to the action themselves; all that it does is to give notice to third persons that any interest they may acquire in the properties pending the litigation will be subject to the result of the action." Dice v. Bender, 383 Pa. 94, 97, 117 A. 2d 725 (1955).

We recognize that where a complaint in equity is an action in personam and does not in any wise affect the title of defendant's real estate or their right to possession of the same, the prothonotary is not authorized to index the complaint: Rose Valley Borough v. Rose Valley Acres, 31 D. & C. 261 (1937). However, this action in its averments of fraud and in its declaration of a trust ex maleficio goes beyond the routine complaint in assumpsit or trespass and we think that plaintiff was entitled to invoke the doctrine of lis pendens.

## ORDER

And now, November 18, 1980 the rule to show cause why the lis pendens should not be stricken is discharged, and the petition is denied.