**In re UNIVERSAL MINERALS, INC., a Pennsylvania corporation, and Cambria Mining and Manufacturing Company, a wholly-owned subsidiary, Debtors.**

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Appellant,**

v.

**Thomas E. LIGHT, et al., Appellees.**

**Civ. A. No. 82–955.**

United States District Court,
W.D. Pennsylvania.

Nov. 11, 1982.

Mark L. Glosser, Pittsburgh, Pa., for debtors.

I. Samuel Kaminsky, Johnstown, Pa., for Thomas E. Light, trustee.

Donald A. Brown, Dept. of Envir. Resources, Harrisburg, Pa., for D.E.R.

MEMORANDUM OPINION

BLOCH, District Judge.

This is an appeal of an Order entered April 19, 1982, by the United States Bankruptcy Court for the Western District of Pennsylvania which confirmed the sale of certain assets of Universal Minerals, Inc. (hereinafter referred to as "Universal"), and Cambria Mining and Manufacturing Company (hereinafter referred to as "Cambria"). The issue on appeal is whether the Bankruptcy Judge erred in declaring the sale free and clear of the lis pendens of the Commonwealth of Pennsylvania, Department of Environmental Resources (hereinafter referred to as "DER"). Because the record does not include fact-findings by the Bankruptcy Judge, this Court is unable to review the merits of the appeal. Therefore, the Bankruptcy Court Order will be vacated. Two motions pending before this Court, DER's motion for stay filed on August 23, 1982, and the bankruptcy trustee's motion to dismiss application for stay filed on September 10, 1982, will be effectively mooted.

On January 26, 1982, the assets of Universal and Cambria were auctioned. On February 11, 1982, a complaint to confirm the sale of assets free and clear of liens was filed. The Bankruptcy Court held a hearing on the complaint on March 5, 1982. On April 19, 1982, the Bankruptcy Court entered an Order confirming the sale of assets of Universal and Cambria to Republic Steel Corporation and L & L Coal Associates, Inc., free and clear of all liens and encumbrances other than a judgment lien of Laurel National Bank. The Bankruptcy Court further ordered that the purchase by L & L Coal Associates, Inc., was conditioned on its assumption of an obligation of up to $100,-

000 for the cost of complying with the existing citations of the DER at the Cassandra and Sonman locations. With respect to all four coal refuse piles, the Bankruptcy Court held that "L & L Coal acquires only the right to reclaim these coal piles for a ten (10) year period, during which and thereafter the purchaser shall comply with all government regulations regarding the reclamation of coal and minerals including the requirement to return the surface to form in accordance with Department of Environmental Resources regulations."

Under Pennsylvania law, DER's lis pendens has the effect of a lien. *See* 17 P.S. § 1908, repealed effective June 27, 1978, 42 Pa.C.S.A. § 1722 and § 4301, and 42 P.S. § 20003(b). *But see Dice v. Bender,* 383 Pa. 94, 117 A.2d 725 (1955). Though the Bankruptcy Court has the power to sell property free of liens, the United States Supreme Court has held that "[b]y the settled practice, a sale free of liens will not be ordered by the Bankruptcy Court if it appears that the amount of the encumbrance exceeds the value of the property." (Footnote containing numerous citations omitted). *Louisville Bank v. Radford,* 295 U.S. 555, 584, 55 S.Ct. 854, 860, 79 L.Ed. 1593 (1935). The rationale is that the value of the secured creditors lien is not to be impaired; but, for the sake of administration of bankruptcy estates, lienholders' interests may be transferred to the proceeds of the sale.

The hearing held on March 5, 1982, has not been transcribed. Thus, it is unclear from the record whether the Bankruptcy Court found that DER's lis pendens with respect to the Revloc and Nanty Glo properties was invalid or whether the DER failed to seek monetary damages in addition to injunctive relief in the pending suit. With respect to the Cassandra and Sonman properties, this Court is unable to determine whether the $100,000 obligation imposed upon the purchaser represents the maximum amount recoverable by the DER for existing citations in the pending suit.

The record is also unclear as to whether the sale of assets has been completed. An issue which should be addressed to the Bankruptcy Court on remand is the trustee's contention that L & L Coal Associates, Inc., is a good faith purchaser who takes the property free and clear of the lis pendens regardless of the outcome of this appeal by virtue of Bankruptcy Rule of Court 805. Bankruptcy Rule 805 provides, in pertinent part, as follows:

Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be effected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal.

DER counters that closings on the sale of assets have been delayed pending the resolution of outstanding motions by the Bankruptcy Court. Should the DER renew its appeal of the Order of confirmation of the sale, this Court will need factfindings on the issue of mootness in order to review the Bankruptcy Court's decision.

For the reasons set forth above, this Court will vacate the Bankruptcy Court Order of April 19, 1982, and remand the case for factfindings. This disposition of the appeal moots DER's motion for stay of order and the trustee's motion to dismiss application for stay.

An appropriate Order will be issued.