**Charles STEELE, Appellant**

v.

**Mark RICHARDSON, Esq.; Toni Meadows; Mark W. Richardson, P.C.**

No. 08–2147.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 8, 2009.

Filed: Oct. 1, 2009.

---

Matthew B. Weisberg, Esq., Prochniak Weisberg, Morton, PA, for Appellant.

Anthony L. Richardson, Esq., Darryl A. Irwin, Esq., Philadelphia, PA, for Appellees.

Before: SCIRICA, Chief Judge,
RENDELL and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Charles Steele and Toni Meadows entered into an agreement of sale under which Meadows would purchase real property from Steele. Meadows terminated the agreement, then brought suit in the Montgomery County Court of Common Pleas on August 25, 2006, to recover her $10,000 escrow deposit. She also filed a *lis pendens* in the Montgomery County Sheriff's Office, identifying the property as subject to her claim. By early September, Steele had entered into an agreement with another buyer to sell the property. One day before the closing, on September 5, 2006, Steele filed a petition to strike the *lis pendens*. Soon thereafter, Steele and Meadows agreed to a consent order in which Meadows agreed to strike the *lis pendens* in exchange for Steele's release of the escrow deposit to her. Steele now claims that Meadows used the Pennsylvania court system to interfere with his sale of the property and by doing so, to extort the deposit from him. He filed suit in federal district court alleging a violation of his civil rights under 42 U.S.C. § 1983 and several state-law claims.[1]

The District Court dismissed Steele's lawsuit for lack of subject matter jurisdiction. It concluded Steele's federal claim under 42 U.S.C. § 1983 was defective because it did not allege conduct by a person acting under color of state law. Accordingly, no federal question provided the basis for federal jurisdiction.[2] Steele appeals, contending the § 1983 claim is valid. Specifically he claims the defendants were acting under color of state law by filing the *lis pendens*.[3]

An action under 42 U.S.C. § 1983 requires wrongdoers to have violated federal rights of the plaintiff and to have done so while acting under color of state law. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). This inquiry turns not on "whether the state was involved in some way in the relevant events, but whether the action taken can be fairly

---

1. The Complaint's state-law claims were slander of title, wrongful use, abuse of process, breach of contract, tortious interference with a contractual relationship, negligence, fraud and fraud on the court. The Complaint includes a request for punitive damages.

2. The District Court additionally concluded it lacked diversity jurisdiction under § 1332. Steele's appeal only challenges the lack of federal question jurisdiction.

3. We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order dismissing the Complaint. We exercise plenary review over the District Court's determination of subject matter jurisdiction. *Lightfoot v. United States*, 564 F.3d 625, 626 (3d Cir.2009).

attributed to the state itself." *Id.* For private parties to become state actors for purposes of § 1983, "the state must significantly contribute to the constitutional deprivation, *e.g.*, authorizing its own officers to invoke the force of law in aid of the private persons' request." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1266 (3d Cir.1994). Whether the state invokes its compulsive powers or merely acquiesces in private conduct is relevant to the analysis. *Id.* at 1266, 1267.

Appellant relies on *Jordan v. Fox, Rothschild, O'Brien & Frankel.* In that case, private creditors obtained a confessed judgment against a debtor in which the debtor had signed an instrument authorizing judgment against it. 20 F.3d at 1258, 1262. The creditors' attorney filed documents in the office of the Prothonotary of the Philadelphia Court of Common Pleas, which had the effect under Pennsylvania law of entering the confessed judgment against the debtor. *Id.* at 1258. The creditors also executed the judgment, by filing a praecipe with the Prothonotary, who issued a writ of execution directing the sheriff to attach the debtor's property, which the sheriff did by garnishing wages. *Id.* We considered whether the creditors and their attorneys were acting under color of state law by entering or executing the judgment. *Id.* at 1264–67. We concluded they were acting under color of state law by executing the judgment, garnishing wages,[4] *id.* at 1266–67, but not by entering the judgment,[5] *id.* at 1264–66.

We acknowledged that the entry of judgment against a party has consequences affecting his or her property: "For example, its entry imposes a lien on any real estate a debtor may own in the county in which it is entered, but this consequence seems to us analogous to the entry of a lien in the office of the Recorder of Deeds. It involves no immediate seizure or deprivation of property under force of law." *Id.* at 1266 n. 17; *see also id.* at 1262–64 (describing the Pennsylvania confessed judgment procedure). *Jordan* accordingly does not stand for the proposition that a private party's judicial filings affecting private property are necessarily under the color of state law. Rather, in *Jordan,* we identified a distinction between private conduct requesting the seizure of property by state actors without pre-deprivation notice or hearing, on the one hand, and conduct having other consequences for property, such as the imposition of judgment liens, on the other hand.

This distinction is relevant here because the filing of a *lis pendens* against the Steele property was not a seizure of property. As found by the Pennsylvania Supreme Court, it is more akin to the filing of a lien:

The effect of a *lis pendens* is not to establish actual liens upon the properties affected nor has it any application as between the parties to the action themselves; all that it does is to give notice to third persons that any interest they may acquire in the properties pending the litigation will be subject to the result of the action.

---

4. "[A] private individual who enlists the compulsive powers of the state to seize property by executing on a judgment without pre-deprivation notice or hearing acts under color of law and so may be held liable under section 1983 if his acts cause a state official to use the state's power of legal compulsion to deprive another of property." *Jordan,* 20 F.3d at 1267.

5. "[A] state procedure permitting private parties to file a complaint and confess judgment essentially involves acquiescence by the state, not compulsion. In such circumstances, private conduct is not attributable to the state." *Jordan,* 20 F.3d at 1266 (internal quotation marks omitted).

*Kohl v. PNC Bank Nat'l Ass'n,* 590 Pa. 151, 912 A.2d 237, 242 n. 6 (2006) (*quoting Dice v. Bender,* 383 Pa. 94, 117 A.2d 725, 726–27 (1955)). Although a dispute about property may affect the legal position of the property owner, the state's public acknowledgment of the dispute does not necessarily invoke the state's coercive power over that property as would a seizure of the property. *See Jordan,* 20 F.3d at 1266–67.

Under the facts of this case, Meadows's filing of the *lis pendens* did not invoke the coercive power of the state in a way that significantly contributed to Steele's deprivation. *See id.* at 1266. Steele cannot establish a violation of 42 U.S.C. § 1983 because his Complaint does not allege facts that would establish that defendants were acting under color of state law. Accordingly, there is no basis for federal jurisdiction, and we will affirm the judgment of the District Court.