J-S34002-22

2023 PA Super 5

| | | |
|---|---|---|
| IRON CITY CONSTRUCTION, INC., A PENNSYLVANIA CORPORATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WESTMORELAND WOODED ACRES, INC., A PENNSYLVANIA CORPORATION | : | No. 161 WDA 2022 |
| | : | |
| | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered January 31, 2022
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s): 2019 CJ 4314

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

OPINION BY DUBOW, J.: **FILED JANUARY 09, 2023**

Appellant, Westmoreland Wooded Acres, Inc. ("WWA"), appeals from the order entered in the Court of Common Pleas of Westmoreland County denying WWA's motion to strike a *lis pendens* indexed against its property. After careful review, we quash this appeal as interlocutory.

In 2017, WWA reached an oral agreement with Appellee, Iron City Construction, Inc. ("Iron City"), to allow Iron City to place clean fill on approximately 6.5 acres of WWA's property. This agreement eventually broke down, resulting in Iron City filing a lawsuit against WWA seeking, *inter alia*, specific performance of the agreement. Concurrent with the filing of its complaint, Iron City indexed a *lis pendens* against WWA's property.

_____

* Retired Senior Judge assigned to the Superior Court.

In late December 2021,[1] WWA filed a Motion to Strike *Lis Pendens*. It asserted that the *lis pendens* "prevented it from obtaining loans, selling the property, or entering into join ventures with third parties to construct facilities on the property[.]"[2] On January 31, 2022, after conducting a hearing,[3] the court denied WWA's motion to strike the *lis pendens*. WWA filed a Notice of Appeal and both it and the trial court complied with Pa.R.A.P. 1925.

On March 14, 2022, this Court issued a Rule to Show Cause directing WWA to "show cause . . . as to how the January 31, 2022[] order is a final order and how the January 31, 2022[] order satisfies the collateral order doctrine."[4] WWA responded that this Court has "stated that a denial or grant of a Petition to Strike *Lis Pendens* may be immediately appealed."[5] In support, WWA cited **In re: Foremost Indus., Inc. v. GLD**, 156 A.3d 318 (Pa. Super. 2017). WWA did not address the collateral order doctrine in its response.

Before addressing WWA's issues on appeal, we must determine if this appeal is properly before us. "Jurisdiction is purely a question of law; the

_____

[1] For reasons that are not clear from the record, WWA's motion to strike is docketed on February 3, 2022, several days *after* the court denied the motion. The motion lists December 22, 2021, as the date of service.

[2] WWA's Br. at 8.

[3] The transcript of this hearing is not included in the certified record.

[4] Order, 3/14/22.

[5] Letter Response, 3/31/22, at 1.

appellate standard of review is *de novo* and the scope of review plenary." ***Barak v. Karolizki***, 196 A.3d 208, 215 (Pa. Super. 2018) (citation omitted).

This Court has exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas. 42 Pa.C.S. § 742. A final order is an order that disposes of all claims and of all parties. Pa.R.A.P. 341(b)(1). By contrast, an interlocutory order is any order that "does not dispose of all claims and all parties." ***Barak***, 196 A.3d at 215 (citation omitted). "Basically, final orders end a case. Interlocutory orders do not." ***Id.*** With very limited exception not applicable here, interlocutory orders are not immediately appealable. ***See*** Pa.R.A.P. 311 (listing interlocutory orders appealable as of right); Pa.R.A.P. 312, 1311 (relating to interlocutory appeals by permission).

WWA appeals from the trial court's order denying its request to strike Iron City's *lis pendens*. "*Lis pendens*" is Latin and means "suit hanging" or "suit pending." ***Barak*** 196 A.3d at 211 n.1. It applies when property is involved in a lawsuit, and functions to notify third parties that any interest that they may acquire in the property will be subject to the result of the action. ***U.S. Nat'l Bank in Johnstown v. Johnson***, 487 A.2d 809, 812 (Pa. 1985).

Since a *lis pendens* serves solely to give notice to third parties, it does not establish a lien on the property. ***Dice v. Bender***, 117 A.2d 725, 727 (Pa. 1955). It has no "application as between the parties to the action themselves[.]" ***Id.*** It "does not command or prevent anyone from doing anything [and] in no way prevents or enjoins the sale or improvement of property[.]" ***Barak***, 196 A.3d at 221 (internal quotation marks omitted).

WWA cited **_Foremost_**, 156 A.3d 318, in support of its assertion that the underlying order is final and appealable. **_See_** Letter Response, 3/31/22. Upon careful review of **_Foremost_**, however, we disagree with WWA that it mandates a finding that the instant order is final and appealable.[6]

**_Foremost_** involved the sale of a business via a stock purchase agreement, from Ralph C. Michael ("Michael") to GLD Foremost Holdings, LLC ("GLD"). After GLD received Michael's interests in the business, including several tracts of land, Michael sued GLD for breach of contract in the United States District Court for the Middle District of Pennsylvania.

Shortly thereafter, Michael filed two _praecipes_ for _lis pendens_ on several of the exchanged tracts of land in the Court of Common Pleas of Franklin County, and certified that the _lis pendens_ concerned "real property located in Franklin County [that was the subject of an action] pending before the United States District Court for the Middle District of Pennsylvania[.]" **_Id._** at 320 n.2. GLD then filed a motion in the court of common pleas to strike the _lis pendens_, which the court denied. GLD appealed to this Court.

On appeal, we determined that the order denying GLD's motion was final and appealable because the propriety of the _lis pendens_ was the **only** issue raised before the court of common pleas. Accordingly, the order denying the

---

[6] **_Foremost_** is the only published Opinion that our research revealed in which this Court determined that an order refusing to strike a _lis pendens_ was final and appealable. By contrast, this Court has recognized that an order **striking** a _lis pendens_ is a final, appealable order. **_See_**, **_e.g._**, **_Barak_**, 196 A.3d at 215-18.

motion to strike disposed of all claims of all parties in the court of common pleas, thus rendering it a final order for purposes of our appellate review. *See Foremost*, 156 A.3d at 321.

In the instant case, Iron City filed its *lis pendens* alongside its complaint in the court of common pleas. Thus, the propriety of the *lis pendens* is but one of several claims at issue in the trial court. The court's order denying WWA's motion to strike, therefore, did not dispose of all claims of all parties in the instant case and is, thus, not a final, appealable order over which we may exercise our jurisdiction.

We likewise lack jurisdiction to review this as a collateral order. To be reviewable at this stage of the proceedings, the order must, *inter alia*, involve a "right . . . too important to be denied review[.]" Pa.R.A.P. 313(b).[7] "In analyzing the importance prong, we weigh the interests implicated in the case against the costs of piecemeal litigation." *Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999). It is not sufficient that the issue is important to the parties involved. *Id.* "Rather[,] it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id.* (citation omitted).

---

[7] A collateral order must also be "separable from and collateral to the main cause of action" and concern a claim that will be "irreparably lost" if we postpone review until final judgment. Pa.R.A.P. 313(b). Because an order must satisfy all elements of the collateral order test, *Shearer v. Hafer*, 177 A.3d 850, 858 (Pa. 2018), we cabin our analysis to our finding that the refusal to strike a *lis pendens* does not present an issue "too important to deny review[.]" Pa.R.A.P. 313(b).

- 5 -

After review, we conclude that the instant order is not an appealable collateral order because the refusal to strike a *lis pendens* does not involve a right too important to be denied review. The refusal to strike a *lis pendens* does nothing more than perpetuate notice to third parties that the property is subject to litigation. Contrary to WWA's assertion, the *lis pendens* does not command or prevent any action from any party. **Barak**, 196 A.3d at 221-22. Nor does the *lis pendens*, in and of itself, prevent the owner from selling or disposing of the property. A *lis pendens* is nothing more than notice to potential buyers that the result of a pending lawsuit may potentially affect their interest in a property. **See id.** at 221. At this stage of the litigation, however, the claim that the *lis pendens* will affect an interest in the property is merely speculative.

Having concluded that we lack jurisdiction to review the trial court's order refusing to strike the *lis pendens*, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  01/09/2023