J-A05003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT A. ROSIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PA ASSOCIATES AND GARY | : | |
| SCHMIDT | : | |
| | : | No. 797 EDA 2022 |
| Appellants | | |

Appeal from the Order Entered February 17, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2021-01629

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY LAZARUS, J.:            **FILED FEBRUARY 3, 2023**

PA Associates and Gary Schmidt ("Appellants") appeal from the order, entered in the Court of Common Pleas of Bucks County, denying their motion to strike a *lis pendens*.  We quash the appeal.

This matter arises out of a partnership dispute between Schmidt and Robert A. Rosin,[1] the details of which are not relevant to our disposition.  On January 27, 2021, an arbitrator entered an order determining the purchase price for Rosin's interest in the assets of the partnership, setting forth a payment schedule, and directing Schmidt to issue a note to secure repayment of the purchase price.  Rosin was unable to secure payment from Schmidt

---

[1] Rosin and Harry Schmidt originally formed the partnership, PA Associates, for the purpose of owning and managing a warehouse located at 100 Park Avenue, Warminster, Bucks County ("Park Avenue Property").  Rosin owned 20% of the partnership and Schmidt owned 80%.  At some point, Harry Schmidt transferred his 80% ownership share to his son, Gary.

and, ultimately, filed a petition to enforce the arbitrator's award in the court of common pleas. On May 10, 2021, Rosin filed a *praecipe* for *lis pendens* with regard to the Park Avenue Property, which was the primary asset of the partnership. On June 14, 2021, Appellants filed a motion to strike the *lis pendens*. Rosin filed an answer and the parties submitted memoranda of law. The court denied the motion on February 17, 2022. Appellants filed a notice of appeal; both Appellants and the trial court have complied with Pa.R.A.P. 1925.

Prior to reaching the merits of Appellants' claims, we must determine if this appeal is properly before us. We conclude that it is not and, accordingly, quash.

Recently, in **Iron City Constr., Inc. v. Westmoreland Wooded Acres, Inc.**, -- A.3d --, 2023 PA Super 5 (Pa. Super. 2023), this Court held that where, "the propriety of the *lis pendens* is but one of several claims at issue in the trial court[, t]he court's order denying [the] motion to strike, therefore, did not dispose of all claims of all parties . . . and is, thus, not a final, appealable order over which we may exercise our jurisdiction." **Id.** at *2.

Similarly, here, the motion to strike the *lis pendens* was but one facet of the litigation pending before the trial court.[2] Accordingly, it did not dispose

_____

[2] Matters pending before the trial court at the time it denied Appellants' motion to strike the *lis pendens* included Rosin's petition to enforce the arbitrator's
*(Footnote Continued Next Page)*

- 2 -

of "all claims and of all parties" as is required of a final order. Pa.R.A.P. 341(b)(1). Appellants assert that the order in question is a final order pursuant to the dictates of **Barak v. Karolozki**, 196 A.3d 208 (Pa. Super. 2018) and **In re: Foremost Industries, Inc. v. GLD**, 156 A.3d 318 (Pa. Super. 2017). These cases, however, are inapposite. **Barak** involves an appeal from an order **striking** a *lis pendens*. While **Foremost Industries** does involve an appeal from the denial of a motion to strike a *lis pendens*, the motion to strike was the sole issue before the court of common pleas.[3] Thus, the order denying the motion to strike put all parties out of court and was appealable as a final order.

We likewise lack jurisdiction under Pa.R.A.P. 313, the collateral order doctrine. As this Court stated in **Iron City**, **supra**, to be reviewable as a collateral order,

> the order must, *inter alia*, involve a "right . . . too important to be denied review[.]" Pa.R.A.P. 313(b). "In analyzing the importance prong, we weigh the interests implicated in the case against the costs of piecemeal litigation." **Ben v. Schwartz**, [] 729 A.2d 547, 552 ([Pa.] 1999). It is not sufficient that the issue is important to the parties involved. **Id.** "Rather[,] it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." **Id.** (citation omitted).

---

award, as well as multiple petitions by Appellants to vacate and/or modify the arbitration award.

[3] In **Foremost Industries**, the underlying litigation, involving real property located in Franklin County, was filed in federal court. Accordingly, the only matter before the Court of Common Pleas of Franklin County was the propriety of the *lis pendens*.

[T]he refusal to strike a *lis pendens* does not involve a right too important to be denied review. The refusal to strike a *lis pendens* does nothing more than perpetuate notice to third parties that the property is subject to litigation. [T]he *lis pendens* does not command or prevent any action from any party. *Barak*, 196 A.3d at 221-22. Nor does the *lis pendens*, in and of itself, prevent the owner from selling or disposing of the property. A *lis pendens* is nothing more than notice to potential buyers that the result of a pending lawsuit may potentially affect their interest in a property. *See id.* at 221. At this stage of the litigation, however, the claim that the *lis pendens* will affect an interest in the property is merely speculative.

*Iron City*, 2023 PA Super 5, at *2-*3.

Because the order denying Appellants' motion to strike the *lis pendens* is neither a final order nor a collateral order, we lack jurisdiction to entertain this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2023

- 4 -