**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHARON JAWOROWSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE COMPANY | : | |
| | : | |
| Appellant | : | No. 1587 EDA 2023 |

Appeal from the Order Entered May 15, 2023
In the Court of Common Pleas of Monroe County Civil Division at No(s):
4250-CV-2020

BEFORE:    OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 1, 2023**

Appellant, Erie Insurance Company, appeals from a judgment entered in favor of Sharon Jaworowski (Plaintiff) and against it on one of two of Plaintiff's claims following a jury trial of that claim. Because the trial court's judgment did not dispose of Plaintiff's other claim against Appellant and that claim remains pending, we quash this appeal for lack of appellate jurisdiction.

Plaintiff filed this action against Appellant on May 8, 2019 seeking damages for Appellant's failure to pay her claim for fire damage to her home at 1660 Stag Run, Pocono Lake, which was insured by Appellant. Plaintiff asserted two claims in her complaint, a claim for breach of contract for the failure to pay her fire loss and a claim for bad faith under 42 Pa.C.S. § 8371.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Amended Complaint ¶¶8-16. Because there is no right to a jury trial for 42 Pa.C.S. § 8371 insurance bad faith claims, **Mishoe v. Erie Insurance Co.**, 824 A.2d 1153, 1154, 1156-59, 1161 (Pa. 2003), Plaintiff's claims were bifurcated, with the breach of contract claim to be tried to a jury and the bad faith claim to be tried in a subsequent bench trial. Trial Court Opinion, 5/15/23, at 3; Trial Court Order, 3/28/22. The breach of contract claim was tried to a jury on January 30 and 31, 2023, and the jury on January 31, 2023 returned a verdict in Plaintiff's favor in the amount of $116,330.26 on that claim. Trial Court Opinion, 5/15/23, at 3; Verdict Slip.

Both parties filed post-trial motions with respect to the breach of contract verdict. On May 15, 2023, the trial court entered an order denying both parties' post-trial motions and entering judgment on the jury's breach of contract verdict. Trial Court Order, 5/15/23. Appellant filed an appeal from this May 15, 2023 order. Neither the jury verdict nor the May 15, 2023 order disposed of Plaintiff's bad faith claim.

The parties have not raised the issue of whether the May 15, 2023 order is an appealable order. Because this Court lacks jurisdiction over an unappealable order, however, we may inquire *sua sponte* whether the May 15, 2023 order is an appealable order. **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa. Super. 2009).

In a non-Orphans' Court case such as this, an appeal may only be taken from a final order, an interlocutory order that is appealable as of right, an

interlocutory order by permission, or a collateral order. Pa.R.A.P. 311, 312, 313, 341; **Bailey v. RAS Auto Body, Inc.**, 85 A.3d 1064, 1068 (Pa. Super. 2014); **Estate of Considine**, 966 A.2d at 1151. The sole basis on which the parties claim that this Court has jurisdiction over this appeal is that the May 15, 2023 order is allegedly a final order. Appellant's Brief at 1. Neither party to this appeal has made any contention that the May 15, 2023 order is an interlocutory order appealable as of right or a collateral order or that this is an interlocutory appeal by permission, and no basis appears in the record for any such contention.

An order in a civil case is an appealable final order only if it "disposes of all claims and of all parties" or is entered as a final order under Pa.R.A.P. 341(c). Pa.R.A.P. 341(b)(1), (3). Rule 341(c) provides that a trial court "may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). Even if an order purports to be a final order, an order that does not dispose of all claims and parties is not a final order unless it contains an express determination that immediate appeal would facilitate resolution of the entire case. **Id.** "In the absence of such a determination [that immediate appeal would facilitate resolution of the entire case] and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order." **Id.**

Here, although the May 15, 2023 order states that "[t]his is a final order in the matter," Trial Court Order, 5/15/23, it is not in fact a final order appealable under Rule 341. The May 15, 2023 order did not dispose of Plaintiff's bad faith claim, and that claim remains pending and unadjudicated in the trial court. Trial Court Order, 5/15/23; Docket Entries; 11/27/23 Letter to Court from Appellant's Counsel. The May 15, 2023 order therefore is not a final order under Rule 341(b)(1), as it did not dispose of all claims in this action. Pa.R.A.P. 341(b)(1); ***Iron City Construction, Inc. v. Westmoreland Wooded Acres, Inc.,*** 288 A.3d 528, 530-31 (Pa. Super. 2023).

The May 15, 2023 order also contains no statement or determination that immediate appeal would facilitate resolution of the entire case. Rather, the only statement that it contains concerning finality is the following: "This is a final order in the matter. Judgment shall be entered in favor of the Plaintiff and against the Defendant in the amount of the verdict rendered by the jury." Trial Court Order, 5/15/23. Because it contains no "express determination that an immediate appeal would facilitate resolution of the entire case," the May 15, 2023 order cannot be a final appealable order under Rule 341(c). Pa.R.A.P. 341(c); ***In re Petition for Enforcement of Subpoenas Issued by Hearing Examiner in a Proceeding Before Board of Medicine***, 214 A.3d 660, 667 (Pa. 2019).

For the foregoing reasons, the May 15, 2023 order from which Appellant has appealed is not a final order. As neither party asserts any other basis for this Court's jurisdiction and no other basis appears in the record, we must quash Appellant's appeal. We note that this ruling in no way prevents Appellant from obtaining appellate review of the breach of contract judgment that it seeks to appeal here. When the pending bad faith claim is resolved, there will be a final order in this case and the breach of contract judgment will become appealable at that time. *K.H. v. J.R.*, 826 A.2d 863, 869-71 (Pa. 2003); *Scampone v. Grane Healthcare Co.*, 169 A.3d 600, 610 n.5 (Pa. Super. 2017).

Appeal quashed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/1/2023