J-S12011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANDREW GOLD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANURADHA PRASAD AND RAJESH | : | |
| KUMAR | : | |
| | : | No. 3171 EDA 2024 |
| Appellants | : | |

Appeal from the Order Entered November 6, 2024
In the Court of Common Pleas of Montgomery County
Civil Division at No:  2024-04546

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 21, 2025**

Appellants, Anuradha Prasad and Rajesh Kumar, appeal *pro se* from the November 6, 2024, order denying without prejudice the petition for injunctive relief filed by Appellee, Andrew Gold.  We conclude, based on the unique circumstances of this case, that the order denying injunctive relief is interlocutory and not immediately appealable.  We therefore quash the appeal.

Appellants and Gold live on adjacent lots on Egypt Road in Lower Providence Township, Montgomery County.[1]  The two lots were previously one contiguous lot owned by Kent Cugini.  In 2020, Cugini submitted subdivision plans to the Lower Providence Township Planning Commission.  Cugini

_____

[1] Our recitation of facts is a summary of those presented in the trial court's January 16, 2025 opinion.

proposed that his lot be subdivided into two lots, identified as 2827 Egypt Road (Lot 1) and 2825 Egypt Road (Lot 2). The Township supervisors approved the plan in December of 2020, and the chair of the Township Planning Commission signed the plans on July 15, 2021. The two lots shared a driveway, and Lot 2 was to contain an easement (the "Driveway Easement") in favor of Lot 1, but it was not properly recorded and executed with the subdivision plans.

Cugini sold both lots to Gold in August of 2021. Gold sold Lot 1 to Appellants in January of 2022. He listed Lot 2 for sale in January of 2023 and received an offer on it, at which point the parties to the sale of Lot 2 discovered the problem with the Driveway Easement. Gold, through counsel, prepared a revised declaration regarding the Driveway Easement and forwarded it to Appellants on February 23, 2024, for their joinder.

On March 13, 2024, not having received a response from Appellants, Gold filed a complaint for injunctive relief, followed by an April 24, 2024 motion for declaratory judgment. On June 11, 2024, the trial court entered an order denying the request for declaratory judgment, reasoning that no actual controversy existed, given that Appellants appeared to agree there was an easement but wanted time to consult with counsel prior to signing a revised declaration. Order, 6/11/24.

On October 3, 2024, Gold received a letter from his real estate broker informing him that the potential buyer of Lot 2 had withdrawn his offer, and

- 2 -

that Appellants would not honor the Driveway Easement, thus posing an impediment to the sale of Lot 2. On October 10, 2024, Gold filed an emergency petition for injunctive relief, alleging that Appellants were preventing Gold and potential buyers of Lot 2 from using the shared driveway. The trial court conducted a hearing on October 30, 2024, at which the parties presented no surveyor, engineer, or other witness regarding the contours of Lot 1, Lot 2, and the Driveway Easement. The trial court entered the order on appeal denying relief "**without prejudice for want of direct evidence** that either or both [Appellants] unreasonably interfered with [Gold's] use of the subject driveway." Order, 11/6/24 (emphasis added). Appellants filed this timely *pro se* appeal on November 19, 2024.

In their *pro se* brief, Appellants present six questions addressing the trial court's consideration of evidence, its application of the law, its jurisdiction to grant Gold's requested relief, the trial court's alleged *ex parte* communications with Gold's counsel, the trial court's mishandling of Gold's allegedly frivolous petitions, and the Appellants desire to receive compensation for Gold's alleged harassment of them. Appellants' *Pro Se* Brief at ii-iii. Ultimately, Appellants believe the trial court should have entered an order establishing that they have the sole right to use the driveway. Because we conclude that this appeal is not properly before us, we will not address the merits.

This Court has jurisdiction over final orders and interlocutory orders that are deemed immediately appealable under the Rules of Appellate Procedure. *See Iron City Constr. v. Westmoreland Wooded Acres, Inc.*, 288 A.3d 528, 529-30 (Pa. Super. 2023).[2] A final order is one that "disposes of all claims and parties[.]" Pa.R.A.P. 341(b)(1). The order on appeal did not dispose of any claim. It denied relief without prejudice, thus permitting Gold to come back to court and complete the evidentiary record. Thus, the appeal is interlocutory.

We are cognizant that, in the ordinary case, an appeal from a denial of injunctive relief is an immediately appealable interlocutory order, per Pa.R.A.P. 311(a)(4). But this is not an ordinary case. Appellants opposed Gold's request for injunctive relief and prevailed[3] in the trial court. It was Gold whose request for injunctive relief was denied, yet Gold has filed a brief with this Court rebutting Appellants' arguments and thus **defending** the trial court's order. Finally, and most importantly for present purposes, the trial court denied injunctive relief "without prejudice" because of an underdeveloped record.

---

[2] Lack of jurisdiction may be raised by the court *sua sponte*. **Bisher v. Lehigh Valley Health Network, Inc.**, 265 A.3d 383, 399 (Pa. 2021).

[3] Gold does not challenge Appellants' standing to appeal on grounds that they were not the aggrieved parties. Pursuant to Pa.R.A.P. 501, only a party who is aggrieved by an order may appeal from it. Because standing is not a jurisdictional issue, this Court cannot address it *sua sponte*. **In re Nomination Petition of deYoung**, 903 A.2d 1164, 1168 (Pa. 2006).

The proper disposition of this appeal is evident in the express language of Rule 311(a)(4), which we now quote in its entirety:

> **(a) General rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from the following types of orders:
>
> [...]
>
> (4) Injunctions. An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction **unless the order was entered**:
>
> (i) Pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a); or
>
> (ii) **After a trial but before entry of the final order**. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

Pa.R.A.P. 311(a)(4) (emphasis added).

In accord with the first sentence of Rule 311(a)(4)(ii), bolded just above, the order before us was entered **after** the parties' litigation of the facts but **before** entry of a final order at some future date, presumably after the parties develop the record to the trial court's satisfaction. This Court has held that a denial of relief "without prejudice" contemplates further proceedings. ***Robinson v. Trenton Dressed Poultry Co.***, 496 A.2d 1240, 1243 (Pa. Super. 1985). Such is the case here. Further, the trial court's order did not enjoin any conduct previously permitted or mandate any conduct not previously mandated. Thus, it is not immediately appealable under the second sentence of Rule 311(a)(4)(ii). Under these unique circumstances, we

conclude the trial court's denial of injunctive relief without prejudice is not immediately appealable under Rule 311(a)(4). We therefore lack jurisdiction to entertain the merits.

Also before us is the June 30, 2025, application for emergency relief from Appellant Rajesh Kumar which, in large part, addresses issues that have arisen since the filing of this appeal. Because we lack jurisdiction over this appeal, we deny that petition without addressing the merits. Likewise, we deny Appellant Kumar's two pending applications[4] for an expedited decision on his June 30, 2025, application for emergency relief. The parties may proceed as necessary before the trial court until the court issues a final, appealable order.

Appeal quashed. Applications for relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/21/2025

---

[4] The first was filed on July 11, 2025. The second was filed on July 24, 2025.