J-S80037-16

2017 PA Super 37

| | | |
|---|---|---|
| IN RE: FOREMOST INDUSTRIES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| RALPH C. MICHAEL | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GLD FOREMOST HOLDINGS, LLC | : | No. 686 MDA 2016 |
| AND DANIEL GORDON | : | |
| | : | |
| Appellants | | |

Appeal from the Order Entered April 1, 2016
In the Court of Common Pleas of Franklin County
Civil Division at No(s): 2016-00109

BEFORE: LAZARUS, J., STABILE, J., RANSOM, J.

OPINION BY RANSOM, J.: **FILED FEBRUARY 16, 2017**

Appellants, GLD Foremost Holdings, LLC and Daniel Gordon (collectively "GLD"), appeal from the April 1, 2016 Order denying GLD's Emergency Motion to Strike *Lis Pendens* on real estate owned by Petitioner, Foremost Industries, Inc. (hereinafter "Foremost Industries"). For the following reasons, we reverse and remand with instructions.

Appellee, Ralph C. Michael (hereinafter "Michael"), is a former owner of Foremost Industries. In May 2015, GLD and Michael entered into a Stock Purchase Agreement ("SPA") wherein GLD agreed to purchase Foremost Industries from Michael. Trial Ct. 1925(a) Op., 6/13/2016, at 2.

On November 30, 2015, Michael filed a complaint in federal court against GLD claiming breach of contract, fraud, and unjust enrichment. *See Michael v. GLD Foremost Holdings, LLC et al.*, No. 15-2230, Pl. Compl.,

EDF No. 1, at 11-16 (M.D. Pa. Nov. 20, 2015).  In his complaint, he avers that GLD failed to remit two million dollars of the purchase price stated in the SPA.  ***See id.*** at 9.  Michael complains that GLD received all of Michael's rights, titles, and interests in the Company upon execution of the agreement without delivering the full purchase price at closing.  ***Id.*** at 10.  Thus, Michael asks for expectation damages in the form of a monetary judgment.

On the same day, GLD filed its own complaint in federal court against Michael, asserting multiple claims arising out of the SPA.  ***See GLD Foremost Holdings, LLC v. Ralph C. Michael, Don E. Myers, and Laurie A. Myers***, No. 15-2234, Pl. Compl., EDF No. 1, at 12 (M.D. Pa. Nov. 20, 2015).  *Inter alia*, GLD claims a possessory interest in property identified by Uniform Parcel Number 01-0A16.-126.-000000.  ***Id.*** at 25 ¶ 102.  According to GLD, Michael fraudulently transferred this property without consideration to his daughter, Laurie Myers, in April 2015, contrary to an SPA provision that expressly precluded Michael from selling any of Foremost Industries' assets after January 1, 2015.  ***See id.*** at 25-26.[1]

In January 2016, Michael filed two praecipes for *lis pendens* on three different tracts of land owned by Foremost Industries, tax parcel nos. 01-0A16-027, 18-0K30-029, and 17-0J09-008 (collectively, "Greencastle") in the Court of Common Pleas of Franklin County, certifying that the federal

---

[1] In December 2015, GLD filed a notice of *lis pendens* with respect this property.  ***See*** Exhibit B to GLD's Emergency Petition to Strike *Lis Pendens*, 3/2/2016 (Notice of *Lis Pendens* filed in No. 15-2234, EDF No. 12 (Dec. 21, 2015)).

actions concerned real property located in Franklin County.[2]  At that time, GLD was negotiating a sale of Foremost Industries' Corporate Offices, specifically tract no. 01-0A16-027, located at 2375 Buchanan Trail West, to Greencastle-Antrim School District.[3]  Thus, GLD filed an emergency petition to strike the *lis pendens*.  **See** Emergency Petition to Strike *Lis Pendens*, 3/2/2016.  Michael filed an Answer to GLD's Petition to strike, arguing that title was involved in the pending federal litigation and denying that GLD is the owner of Foremost Industries.  **See** Michael's Answer, 3/28/2016, at 2. Despite Michael's representations in his Answer, his federal complaint does not seek a change in title, but rather mere money damages.  ***See Michael v. GLD Foremost Holdings, LLC et al.***, No. 15-2230, Pl. Compl., EDF No.

---

[2] Michael's praecipe stated:

> Pursuant to 42 Pa.C.S. § 4304, authorizing the filing of notice of federal actions concerning real property, and 42 Pa.C.S. 4302, kindly index a *Lis Pendens* against property owned by Foremost Industries, Inc. located in Franklin County known as Tax Parcel No. 01-0A16-027.  […] I certify that actions concerning real property located in Franklin County are currently pending before the United States District Court for the Middle District of Pennsylvania at Docket Nos. 1:15-CV-02230-YK and 1:15-CV-02234-YK.

Praecipe, Docket No. 2016-109, 1/11/2016.  Michael filed a second Praecipe requesting *lis pendens* be indexed on Tax Parcel Nos. 18-0K30-029 and 17-0J09-008, also owned by Foremost Industries.  **See** Praecipe, Docket No. 2016-110, 1/11/2016.

[3] **See** Exhibit D to GLD's Emergency Petition to Strike *Lis Pendens*: Letter from Ronald Finck, Atty. for Ralph C. Michael, to Sean P. McConnell, Sean J. Bellew and Catherine B. Heizenrater, Attys. for GLD Foremost Holdings, LLC and Daniel Gordon (Feb. 19, 2016).

1, at 12, 15, 16 (M.D. Pa. Nov. 20, 2015). Following a hearing, the trial court denied GLD's emergency motion to strike the *lis pendens* and issued an opinion. *See* Trial Ct. Op., 4/1/2016. GLD timely filed a court-ordered 1925(b) statement in May 2016. Thereafter, the trial court issued an additional, responsive opinion. *See* Trial Ct. 1925(a) Op., 6/13/2016.

Upon initial review, this Court issued an order to show cause why the appeal should not be quashed as taken from an unappealable order. *See* Order to Show Cause, 5/18/2016. Upon receipt of GLD's reply, the show-cause order was discharged, and the issue was referred to the merits panel. *See* Order, 7/8/2016.

GLD asserts that the order denying their petition is a final, appealable order because it resolved the only claim at issue in their petition. *See* Appellants' Response to Rule to Show Cause Order, 5/26/2016, at 4. The order effectively enables the *lis pendens* to exist as a cloud on Foremost Industries' title to the Greencastle property, which casts a shadow over any purchase and sale negotiations for the Office Building property and calls into doubt the ability of GLD to convey marketable title. *See* GLD's Br. at 6. The order denying GLD's emergency petition to strike effectively put GLD "out of court" with respect to their ability to remove the cloud on title to Greencastle. *See McCahill v. Roberts*, 219 A.2d 306, 308 (Pa. 1966) (overruling a motion to quash where the lower court's *lis pendens* decision effectively eliminated Appellant's claim of property ownership); Pa.R.A.P.

341(b)(1). Accordingly, we have jurisdiction to review the order denying their petition to strike.

On appeal, GLD raises the following issues:

1. Did the trial court err in concluding that 42 Pa.C.S. § 4302 permits a *lis pendens* to be filed in any case where real estate is 'involved,' even if the title to the real estate is not at issue in the underlying case?

2. Did the trial court abuse its discretion when it determined that it was irrelevant to the *lis pendens* analysis whether a party is seeking title to the property as a remedy in the underlying dispute, even though Pennsylvania law indicates otherwise?

3. Did the trial court err when it ignored the harsh and arbitrary effect of its decision on Appellants, which significantly outweighed any negative impact on Appellee, who is not now, and never was the owner of the subject property?

GLD's Br. at 5-6.

"Our standard of review of equity cases is a narrow one.

'[A]ppellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.'"

**Rosen v. Rittenhouse Towers**, 482 A.2d 1113, 1116 (Pa. Super. 1984) (quoting **Sack v. Feinman**, 413 A.2d 1059, 1066 (Pa. 1980) (citations omitted), *aff'd* 432 A.2d 971, 973 (Pa. 1981)). "Pursuant to these standards, we must examine whether the lower court abused its discretion or committed an error of law" in refusing to strike the *lis pendens*. **Rosen**, 482 A.2d at 1116.

This appeal arises out of the lower court's denial of GLD's emergency petition to strike *lis pendens* on properties owned by Foremost Industries. **See** Notes of Testimony (N.T.), 3/30/2016, at 5, 8.  "*Lis pendens* is construed to be the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and until final judgment." **Dorsch v. Jenkins**, 365 A.2d 861, 863 (Pa. Super. 1976) (citation omitted).  *Lis pendens* may be imposed when the property "is subject to litigation and that any interest acquired by the third party will be subject to the result of the litigation." **Vintage Homes v. Levin**, 554 A.2d 989, 994 (Pa. Super. 1989) (citing **Psaki v. Ferrari**, 546 A.2d 1127, 1128 (Pa. Super. 1988)).

"[T]he doctrine of *lis pendens* is based in common law and equity jurisprudence, rather than in statute, and is wholly subject to equitable principles." **Dorsch** , 365 A.2d 861, 863-64 (Pa. Super. 1976) (citing **Dice v. Bender**, 117 A.2d 725 (Pa. 1955)).  "[T]he doctrine does not establish an actual lien on the affected property." **McCahill**, 219 A.2d at 309.  "Its purpose is merely to give notice to third persons that the real estate is subject to litigation and 'that any interest which they may acquire in the real estate will be subject to the result of the action.'" **Psaki**, 546 A.2d at 1128 (quoting **Dice**, 117 A.2d at 727); **see also McCahill**, 219 A.2d at 309.

If title to the property is not subject to the result of the litigation, then there is no reason to provide notice to a third party about the litigation. **See**

*Vintage Homes*, 554 A.2d at 994 (citing *Psaki*, 546 A.2d at 1128). To impose *lis pendens* in such a case would prove to be an arbitrary application of the doctrine and, "equity can and should refuse to give it effect, and, under its power to remove a cloud on title can and should cancel a notice of *lis pendens* which might otherwise exist." *Dice*, 117 A.2d at 727.

Thus, a two-part analysis emerges from the common law that the courts should apply to determine whether exerting the court's control over real property is appropriate. The first step is to ascertain whether title is at issue in the pending litigation. *See Psaki*, 546 A.2d at 1128; *Dorsch*, 365 A.2d at 863-64. The second step is an equitable inquiry:

> [T]he lower court must balance the equities to determine whether the application of the doctrine is harsh or arbitrary and whether the cancellation of the *lis pendens* would result in prejudice to the non-petitioning party.

*Rosen*, 482 A.2d at 1116; *see also McCahill*, 219 A.2d at 309 (noting that the lower court should ordinarily ascertain "the exact nature and extent of any possible prejudice that could result from the cancellation of *lis pendens*" so that "the balancing of the equities can be more accurately resolved").

As GLD's first and second issues are related, we shall address them together. Essentially, GLD asserts the trial court erred by ignoring the threshold requirement that title to real estate be at issue. GLD's Br. at 11, 13-17. Further, GLD asserts, the court abused its discretion when it deemed irrelevant the relief sought by Michael in his federal claims. *Id.* at 12, 17-19. According to GLD, the threshold requirement to maintain a *lis pendens*

is not met here because Michael does not claim he is the rightful owner of Greencastle, nor does he seek the return of real estate assets transferred pursuant to the SPA. *Id.* at 12, 15, 17. Thus, GLD concludes, Michael may not maintain a *lis pendens* on Greencastle. We agree.[4]

Here, it was necessary for the lower court to determine if title is at issue in Michael's federal claims before determining whether Michael had an equitable right to index a *lis pendens* on the property. In *Psaki*, for example, our analysis was clear:

> *Lis pendens* has no application except in cases involving the adjudication of rights in specific property. Thus, a party is not entitled to have his case indexed as *lis pendens* unless title to real estate is involved in litigation. *Lis pendens* may not be predicated upon an action seeking to recover a personal demand. When a personal demand is reduced to judgment, of course, it becomes a lien, without more, on real estate which is owned by the judgment debtor. In such event, the filing of the *lis pendens* is unnecessary.

*Psaki*, 546 A.2d at 1128 (citations omitted).

---

[4] In response, Michael asserts that the *lis pendens* were properly filed in accordance with the plain language of Section 4304(b), which does not expressly limit the indexing of federal actions to those affecting title to real property. *See* Michael's Br. at 11 (noting use of the term, "concerning real property," not "title," as in Section 4302). According to Michael, Section 4304(b) altered the common law doctrine of *lis pendens*, at least as it applies to federal actions. *Id.* at 9. Thus, Michael concludes, he was entitled to give notice to potential buyers of his dispute with GLD.

Michael cites no precedent in support of his assertion, and we reject it. There is no statutory right to *lis pendens*. "In *Dice*, [the Pennsylvania Supreme Court] laid to rest the argument that *lis pendens* is a statutory right and that the court lacks power to rescind its operation." *McCahill*, 219 A.2d at 309. Determining whether a *lis pendens* is proper requires application of the common law doctrine; it cannot be satisfied by satisfying the merely procedural requirements laid out in 42 Pa.C.S. § 4304(b).

In this case, the lower court erred by rejecting the significance of the threshold inquiry. **See** Trial Ct. Op., 4/1/2016, at 3 (concluding that title to Greencastle was "not a relevant inquiry"). According to Michael's complaint, "[a]s a result of Michael's execution of the [SPA] and accompanying documents, GLD received all of Michael's rights, titles, and interests in [Foremost Industries]." **Michael v. GLD Foremost Holdings, LLC et al.**, No. 15-2230, Pl. Compl., EDF No. 1, at 9 (M.D. Pa. Nov. 20, 2015). Importantly, Michael does not dispute that GLD now owns Foremost Industries' rights, titles and interests. Rather, Michael contends that GLD failed to pay a substantial portion of the contract price incident to the SPA. **See id.** at 12. The outcome of the underlying contractual dispute will not affect who has title to Greencastle. Rather, Michael demands money damages. **See id.** at 12, 15, 16.

Michael's *lis pendens* is premised on the erroneous averment in the answer to GLD's petition to strike, in which he claims to be the equitable and legal owner of Foremost Industries until the balance of the purchase price is paid by GLD. **See** Michael's Answer, 3/28/2016, at 2. "However, it is well-established law here that when the Agreement of Sale is signed, the purchaser becomes the equitable or beneficial owner through the doctrine of equitable conversion. The vendor retains merely a security interest for the payment of the unpaid purchase money." **DiDonato v. Reliance Stand.**

*Life Ins. Co.*, 249 A.2d 327, 329 (Pa. 1969) (citing *Payne v. Clark*, 187 A.2d 769 (Pa. 1963)).

To be clear, we reject Michael's contention that he has equitable or legal ownership of Foremost Industries. Michael transferred any interest in Foremost Industries to GLD on the Closing Date. *See* SPA, art. 4.10, at p. 12-13 (specifying title and condition of property to be transferred).

The policy-based implications of our ruling in *Psaki* explicate that *lis pendens* has no application in "an action seeking to recover a personal demand." *Psaki*, 546 A.2d at 1128. To permit a party to maintain a praecipe for *lis pendens* based on a pending suit for money damages only would be to permit a party to place a cloud on the title to real estate whenever a breach of contract suit arises. As noted in *Psaki*, "[t]his is not the law." *Id*. Thus, Michael may not maintain a *lis pendens* on Greencastle.

In light of the foregoing, it is unnecessary to discuss in detail GLD's third issue, in which it asserts that the court erred in weighing the equities present in this case. *See* GLD's Br. at 19-22. Because Michael has failed to establish the threshold requirement for *lis pendens*, a *lis pendens* on Foremost Industries' properties would prove "harsh [and] arbitrary" in this case. *Rosen*, 482 A.2d at 1116. Accordingly, "equity can and should refuse to give it effect." *Id.*

We hold that the trial court erred when it ignored the threshold requirement necessary to maintain a *lis pendens*. Further, the court abused

its discretion by weighing the equities without determining that Michael asserts no right to title in Greencastle and seeks only money damages as compensation for his federal claims. Accordingly, we reverse the order of court and remand with instructions that the trial court shall cancel the notices of *lis pendens* on the Greencastle subject properties. **See Dice**, 117 A.2d at 727; **Psaki**, 546 A.2d at 1128.

Order reversed; case remanded with instructions; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2017