J. A17040/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| THE BANK OF NEW YORK MELLON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GREGORY WASHINGTON, | : | |
| WICK SAVAGE, THE BANK OF | : | |
| NEW YORK MELLON, F/K/A THE BANK | : | |
| OF NEW YORK, AND INTERVENOR | : | |
| PLAINTIFFS EUGENE MATTIONI AND | : | |
| MARIE J. MATTIONI, | : | |
| F/K/A MARIE J. KILLIAN | : | |
| | : | No. 2100 EDA 2018 |
| APPEAL OF:  EUGENE MATTIONI AND | : | |
| MARIE J. KILLIAN MATTIONI | : | |

Appeal from the Order Entered June 8, 2018,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. September Term, 2016 No. 00219

BEFORE:  PANELLA, P.J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED NOVEMBER 08, 2019**

Eugene Mattioni and Marie J. Killian Mattioni ("appellants")[1] appeal the

June 8, 2018 order[2] entered in the Court of Common Pleas of Philadelphia

County granting Gregory Washington ("the Record Title Owner") and

Wick Savage's ("Savage") motion to strike appellants' ***lis pendens*** relating to

---

[1] We note that both appellants are attorneys and represent themselves in this matter.

[2] We note that the order was executed on June 7, 2018, but not entered on the docket until June 8, 2018.  The caption has been updated to reflect the date the order was docketed.

the property located at 4115-19 Gypsy Lane, Philadelphia, Pennsylvania

("the Property"). We affirm.

The trial court set forth the factual and procedural history as follows:

On September 6, 2016, [] Bank of New York Mellon [("BNY Mellon")] filed a mortgage foreclosure complaint against [the Record Title Owner] regarding a mortgage that it holds on the Property. On June 29, 2017, a default judgment was entered against the Record Title Owner for failing to file a timely answer to [BNY Mellon's] complaint. The date for the Sheriff's Sale was postponed by requests of [BNY Mellon] and the Record Title Owner several times so that the Property could be sold through a short sale transaction.

On April 16, 2018, [appellants] filed a Petition to Intervene[Footnote 1] and a Motion to Stay any Short Sale between [BNY Mellon] and the Record Title Owner. [Appellants] own and reside at 4111 Gypsy Lane and also own 4109 Gypsy Lane, which are located immediately adjacent to the Property. As part of the mortgage action, [appellants] filed a **lis pendens** on the Property as well as a Third Party Complaint against [BNY Mellon], the Record Title Owner, and [] Savage.[Footnote 2]

[Footnote 1] The trial court entered an **ex parte** order granting [appellants'] Petition to Intervene. Whether [appellants] have a sufficient interest in the mortgage action to have been granted intervenor status is not the subject of this appeal.[3]

---

[3] We note that appellate courts are prohibited from raising the issue of standing **sua sponte** because "[w]hether a party has standing to maintain an action is not a jurisdictional question." **See In re Nomination Petition of deYoung**, 903 A.2d 1164, 1168 (Pa. 2006). Therefore, we cannot address whether intervention was proper in this case.

> [Footnote 2] [] Savage allegedly resides in and has an ownership interest in the Property.
>
> In their **lis pendens**, [appellants] assert that the Record Title Owner abandoned and failed to maintain an easement that allegedly encroaches on the Property.[4] In their complaint, [appellants] requested injunctive relief to stay any sale and asserted claims of negligence, waste, breach of contract, recision of the easement, and trespass, for which they sought monetary damages.
>
> On May 16, 2018, the Record Title Owner [and Savage] filed a Motion to Strike the **lis pendens** on the Property. On June 8, 2018, the trial court granted the motion striking the **lis pendens** on the Property. On July 3, 2018, [appellants] filed this timely appeal.

Trial court opinion, 8/29/18 at 1-2. The trial court did not order appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, the trial court filed a Rule 1925(a) opinion.

Appellants raise the following issues for our review:

1. Whether a dispute over the viability of a land locked easement of ingress and egress for pedestrians and vehicles between adjoining residential properties is a property interest subject to a **Lis Pendens** in order to place prospective purchasers of either the dominant estate or servient estate on notice of the dispute and litigation and the potential that the

---

[4] The record reveals that the easement encroaches, or intrudes, upon appellants' property, the servient estate, for the benefit of the Record Title Owner's Property, the dominant estate. **See** Grant of Easement, Reproduced Record at 46a (stating, a perpetual easement of ingress and egress, for pedestrian and vehicular traffic, is granted and shall extend only to the current driveway, the bridge, and the turnaround area immediately adjacent to the bridge on Premises A (appellants' property) in favor of Premises B (Record Title Owner's Property)).

>
> easement will be extinguished by the litigation? . . . .
>
> 2. Is the decision and conclusion of law of the [trial court] supported by competent evidence and applicable law and an abuse of discretion[?] Should the [trial c]ourt's Order striking the **Lis Pendens** be reversed as not in compliance with competent evidence, law and an abuse of discretion?

Appellants' brief at 2-3 (footnote omitted).[5]

Preliminarily, we must resolve the jurisdictional issue raised **sua sponte** by this court. (**See per curiam** order, 8/10/18 (asking appellants to show cause as to why the appeal should not be quashed because the order striking the **lis pendens** may not be final and appealable).) Appellants filed a response stating the order striking the **lis pendens** qualified as a final order and also a collateral order and, therefore, was appealable. We agree this court has jurisdiction over the appeal, and the appeal need not be quashed. **See Barak v. Karolizki**, 196 A.3d 208, 220 (Pa.Super. 2018) (holding, "an

---

[5] We note that appellants' brief fails to comply with Pennsylvania Rule of Appellate Procedure 2111; specifically, the brief fails to include a statement of jurisdiction, the order or other determination in question, a statement of both the scope of review and standard of review, and a summary of the argument. **See** Pa.R.A.P. 2111(a). Although we do not condone appellants' failure to conform to the Pennsylvania Rules of Appellate Procedure, appellants' failure does not hamper our review. **See Kern v. Kern**, 892 A.2d 1, 6 (Pa.Super. 2005) (holding, "as a practical matter, this Court quashes appeals for failure to conform to the Rules of Appellate Procedure only where the failure to conform to the Rules results in the inability of this Court to discern the issues argued on appeal.").

order striking a *lis pendens* notice is an immediately appealable order, either as a final or collateral order.").

A review of appellants' brief demonstrates that both of appellants' issues challenge the trial court's granting of the motion to strike appellants' *lis pendens*.  Therefore, we address appellants' issues collectively.

This court has long held:

> *Lis pendens* is construed to be the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and until final judgment.  The doctrine does not establish an actual lien on the affected property, but rather merely gives notice to third parties that any interest that may be acquired in the property pending the litigation will be subject to the result of the action.  Finally, *Lis pendens* is based in common law and equity jurisprudence, rather than in statute, and is wholly subject to equitable principles.

*Dorsch v. Jenkins*, 365 A.2d 861, 863-864 (Pa.Super. 1976) (citations and internal quotations omitted).  When reviewing matters of equity, this court is limited to determining whether the trial court committed an error of law or abused its discretion.  *Barak*, 196 A.3d at 223.

Courts must apply a two-part test to determine if a *lis pendens* should be stricken.  *Id.* at 222.

> [S]tep one "is to ascertain whether title is at issue in the pending litigation." *In re: Foremost Industries, Inc. v. GLD*, 156 A.3d 318, 322 (Pa.Super. 2017).  If this first prong is satisfied, the analysis proceeds to a second step where:
>
> > the [trial] court must balance the equities to determine whether (1) the application

> of the doctrine is harsh or arbitrary and (2) whether the cancellation of the *lis pendens* would result in prejudice to the non-petitioning party.
>
> *Id.* at 322-323[, ]quoting ***Rosen v. Rittenhouse Towers***, 334 Pa.Super. 124, 482 A.2d 1113, 1116 (1984).

***Barak***, 196 A.3d at 222.

Here, appellants seek to extinguish the easement that encroaches on their property for the benefit of the Record Title Owner's Property. (Appellants' brief at 8.) Appellants argue that any potential purchaser of the Property would want to know appellants challenge the easement. (***Id.*** at 10.) Appellants contend it was an abuse of discretion for the trial court to strike the ***lis pendens*** without, among other things, visiting the Property.[6] (***Id.*** at 13.)

A review of the record demonstrates that the easement, which is the basis of appellants' ***lis pendens***, intrudes on appellants' property and is appurtenant to and runs with the Property, which is the subject of the

---

[6] We note that appellants contend, "[i]t is not necessary to cite a case to aid in the conclusion that there is no clearer an abuse of discretion than in this case." We disagree. ***See*** Pa.R.A.P. 2119(a) (requiring that the argument section of a brief shall contain "discussion and citation of authorities as are deemed pertinent."). We note that a review of appellants' brief reveals no citation to any legal authority that supports appellants' argument that the trial court abused its discretion in striking the ***lis pendens***. ***See Stimmler v. Chestnut Hill Hosp.***, 981 A.2d 145, 153 n.9 (Pa.Super. 2009) (holding that the argument section of appellant's brief should contain citations to the record and legal authority, as well as analysis and application to the facts, to guide this court in its review of the issue).

mortgage foreclosure action, for the benefit of any future owners of the Property. (**See** appellants' notice of **lis pendens**, 5/4/18 at Exhibit A & B.) The trial court concluded that the imposition of a **lis pendens** on the Property was improper because "title to the [P]roperty is not at issue." (Trial court order, 9/8/18 at n.1; **see also** trial court opinion, 8/29/18 at 4.) We are unpersuaded by appellants' argument, which is unsupported by legal authority, that title is at issue because a purchaser of the Property at Sheriff's Sale might not have use of the easement if appellants prevail in their attempt to extinguish the easement. Appellants acknowledge that the Record Title Owner has title to the Property. (**See** appellant's motion and petition to intervene, 4/16/18 at 1.)

The record supports the trial court's conclusion that title is not at issue, and we find no abuse of discretion in the trial court's granting of the motion to strike the **lis pendens** on the grounds appellants failed to establish that title to the Property was at issue. **See Barak**, 196 A.3d at 222. Consequently, appellants' claims that the trial court erred as a matter of law and abused its discretion in striking the **lis pendens** must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/19