J-A22005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANE PETERMANN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. KETTERING; KAREN | : | |
| LOUISE KETTERING; KETTERLINE | : | |
| BUILDERS, INC.; AND KETTERLINE, | : | |
| INC. | : | No. 313 MDA 2021 |

Appeal from the Order Entered February 23, 2021
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-11-00064

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                **FILED: DECEMBER 10, 2021**

Jane Petermann ("Plaintiff") appeals from the order that denied her motion for reconsideration of the order that entered a judgment of *non pros* upon the motion of Robert D. Kettering, Karen Louise Kettering, Ketterline Builders, Inc., and Ketterline, Inc. (collectively "Defendants"[1]) in this dispute over a tract of real property.  We affirm.

The history of this case, in pertinent part, is as follows.  Plaintiff initiated this action by filing a writ of summons and *lis pendens* on January 2, 2011.  The docket thereafter reflects many filings related to the *lis pendens* in the months leading up to Plaintiff's filing of her complaint in August 2011.  In

---

[1] Robert Enterline, the other half of the Ketterline Builders, was initially included as a defendant, but was ultimately dismissed and removed from the caption and is not involved in this appeal.

September 2011, Plaintiff obtained a default judgment against Defendants. Defendants simultaneously filed a prompt petition to open or strike the default judgment and an answer to the complaint. Another bevy of filings are reflected on the docket for several months afterwards, including an order directing Plaintiff to appear for an oral deposition, her *pro se* notice of appeal to this Court, and an order for a status conference. Plaintiff obtained counsel and dismissed her appeal. On June 11, 2012, upon the agreement of the parties, the trial court ordered that the default judgments be opened and that Plaintiff was granted leave to file an amended complaint.

In her amended complaint, Plaintiff stated that she agreed to purchase ten lots from Ketterline Builders in its Springbrook Court subdivision. The resultant conveyance was subject to an agreement ("the 2002 Agreement"). Pursuant to the 2002 Agreement, Plaintiff was to convey a portion of Tract 1 of the subdivision back to Mr. Kettering if he were able to acquire within five years an adjacent tract then owned by AT&T. Further, Mr. Kettering was to pay Plaintiff $150 per year to maintain his right to the conveyance and to mow the lawn on the property in question during the summer months. Plaintiff alleged that Mr. Kettering failed to obtain the land within the five-year period or do the agreed mowing, yet he purported to convey her portion of Tract 1 to himself and his wife along with the AT&T land by a 2009 deed. She further complained that Ketterline built two townhouses on the land described in the 2009 deed in a manner inconsistent with the Springbrook Court subdivision

plan. *See* Amended Complaint, 7/11/12, at 4-6. These factual allegations formed the basis of Plaintiff's various claims, including breach of contract, fraud, and negligent misrepresentation.[2]

Defendants filed an answer and new matter. Defendants indicated therein that the township had requested that the triangle of disputed land be attached to Lot 1, but Plaintiff's attorneys failed to include it in the deed that they drafted conveying the ten tracts to Plaintiff. Defendants maintained that it was never the intent of the parties for Plaintiff to permanently own the disputed triangle, that Mr. Kettering did mow the lawn, and that he did not pay the $150 per year because it was supposed to cover additional real estate taxes incurred by Plaintiff which she never actually realized. Further, since

_____

[2] The following is an excerpt from Exhibit A of the parties' 2002 Agreement showing the triangle of land at issue in the instant case:



Plaintiff's attorneys failed to include the disputed land in her deed, Defendants still owned it and were free to reconvey it without Plaintiff's consent or involvement. Finally, Defendants denied that they breached any agreement with Plaintiff in constructing the townhouses on their land, and asserted violations of the statute of frauds and statute of limitations. *See* Answer to Amended Complaint and New Matter, 7/30/12, at ¶¶ 10-38, 99-10.

On January 2, 2013, after Plaintiff responded to the new matter and the pleadings had closed, Defendants filed another notice of Plaintiff's deposition and served it upon Plaintiff and her attorney. The docket evinces no further activity in the action for approximately eight years.

On December 15, 2020, Defendants filed a motion to remove the default judgments from the docket and for the entry of a judgment of *non pros*. Although styled as a motion rather than a petition, the filing was verified by Defendants. Therein, Defendants noted that, although the trial court had ordered the default judgments against them to be opened, the docket still listed the judgment. They additionally asserted that Plaintiff had not taken any steps to prosecute her complaint and *lis pendens* since she filed her reply to new matter in August 2012. *See* Motion to Remove Judgments and for Judgment *Non Pros*, 12/15/20, at 4. Defendants averred that Plaintiff failed to appear for her deposition scheduled for January 24, 2013. Defendants further averred that they had been leasing the property, which included the triangle of land disputed by Plaintiff, and had entered into an agreement to

sell it. However, the *lis pendens* and judgment "created impediments" to closing the sale. *Id*. at 5. Defendants maintained that these facts established that Plaintiff had failed to move her case forward with reasonable promptitude, that she had brought no compelling reason for the delay to the court's attention, and they have suffered actual prejudice in that they cannot close upon their agreement. *Id*. at 7. Defendants simultaneously filed a *praecipe* to assign the motion to a judge for disposition.

Plaintiff, through new counsel, filed a brief in opposition to Defendants' motion. In her response, Plaintiff alleged that, after her prior counsel filed the reply to new matter in August 2012, counsel "had his firm go out of business in 2015 or 2016." Brief in Opposition to Motion to Remove Judgments and for Judgment of *Non Pros*, 1/7/21, at 3. Plaintiff maintained that, although Defendants apparently were aware of that fact, she was not, and had "assumed that [prior counsel] was still working on the case" and believed that "he may have issued written discovery." *Id*. at 4. She asserted that she "did write to [prior counsel] in recent years, but has not received a response." *Id*. Hence, while Plaintiff agreed that the default judgments against Defendants should be removed from the docket, she argued that she had a compelling reason to justify the delay in the case while Defendants had not suffered any prejudice, and that she wished to prosecute her claims with new counsel. *Id*. at 6.

Given the retirement of the trial judge to whom the case had previously been assigned, the case was reassigned by the Lancaster County President Judge on January 15, 2021. By order of February 3, 2021, the trial court directed the Lancaster County prothonotary to remove the judgment against Defendants from the docket and granted Defendants' *non pros* motion, dismissing with prejudice both Plaintiff's complaint and the *lis pendens*.

On February 11, 2021, Plaintiff filed a motion for reconsideration. She contended that Defendants' motion was not adjudicated in accordance with the local rules, which permitted the filing of a praecipe for a determination only after the conclusion of briefing. **See** Motion for Reconsideration, 2/11/21, at 4. Plaintiff also indicated that, since Defendants submitted their motion with a proposed rule to show cause, she had believed that a rule would have been issued and briefing schedule imposed before the motion was decided. *Id*. Finally, Plaintiff asserted that a hearing was necessary, as it would allow her to produce evidence of her compelling reasons for the delay and demonstrate Defendants' inability to prove prejudice. *Id*. at 5.

Before any action was taken on the motion for reconsideration, Plaintiff filed a petition to open or strike the judgment of *non pros*. In that filing, Plaintiff reiterated her contentions that the *non pros* judgment was not properly entered despite the unquestionably substantial delay, given her compelling reasons for the period of inactivity and the absence of prejudice to Defendants, and further asserted that her petition was timely filed and that

she had a meritorious cause of action. ***See*** Petition to Open/Strike Judgment of *Non Pros*, 2/22/21, at 3-5.

The trial court described the subsequent happenings as follows:

> On February 23, 2021, a phone conference was held with counsel for Plaintiff and Defendants to determine what evidence Plaintiff would present at a hearing to justify her failure to pursue her claim for eight years. Plaintiff's attorney indicated that Plaintiff would testify to possibly three attempts to contact her attorney of record from 2011 to 2015 and no excuse was given for her failure to appear for the deposition. Further, Plaintiff took no action to contact the local bar association, disciplinary board, an attorney, or th[e trial] court to inquire about the status of her attorney of record (who apparently retired in approximately 2015). On February 23, 2021, the [trial] court denied the Plaintiff's motion for reconsideration.

Trial Court Opinion, 4/29/21, at unnumbered 2-3 (cleaned up and some punctuation added).

Plaintiff filed a notice of appeal on March 5, 2021, and both she and the trial court complied with Pa.R.A.P. 1925. Plaintiff presents the following questions for our review:

> A. Whether the trial court erred in failing to develop a record and make factual findings with respect to the elements necessary to establish a claim for *non pros*?
>
> B. Whether the trial court erred in granting judgment for *non pros* where [Plaintiff] had a compelling reason for delay in the proceedings and [Defendants] had not shown any prejudice resulting from the delay?
>
> C. Whether the trial court erred in granting [Defendants'] motion for *non pros* where procedural defects in the motion prevented [Plaintiff] from a full and fair opportunity to litigate the motion?

D.    Whether the trial court erred in striking the *lis pendens* in this matter *sua sponte* and prior to a final judgment on the merits?

Plaintiff's brief at 2-3.

Before we address the substance of this appeal, we first consider whether it is properly before us. **See**, **e.g.**, **Adams v. Erie Ins. Co.**, 238 A.3d 428, 431 (Pa.Super. 2020) ("Since we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." (cleaned up)).

Plaintiff purported to appeal from both (1) the order entering the *non pros* judgment and striking the *lis pendens*, and (2) the order denying her motion for reconsideration. **See** Notice of Appeal, 3/5/21, at 1 and Exhibit A. "Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike." **Bartolomeo v. Marshall**, 69 A.3d 610, 613–14 (Pa.Super. 2013). Furthermore, it is well settled that "[a]n order denying a motion for reconsideration is not appealable." **Blackburn v. King Inv. Grp., LLC**, 162 A.3d 461, 464 n.5 (Pa.Super. 2017).

Nonetheless, we have observed that "[i]t is the nature of the relief requested, not the styling of a motion, that controls." **Green v. Tr. of Univ. of Pennsylvania**, ___ A.3d ___, 2021 PA Super 209, 2021 WL 4851998 at *4 (Pa.Super. Oct. 19, 2021). Here, Plaintiff's motion for reconsideration was the functional equivalent of a petition to open the judgment of *non pros*, as it

- 8 -

contained the elements of such a petition and asked the court to allow her claims to proceed. Moreover, Plaintiff did indeed file a petition to open the judgment before the trial court issued its February 23, 2021 order, and the order addressed the issues raised in the petition to open.[3] Accordingly, elevating substance over form, we treat the trial court's February 23, 2021 order as an appealable order denying Plaintiff's petition to open the *non pros* judgment, and we proceed to review the substance of her appeal.

We begin with the legal tenets applicable to the first three issues raised by Plaintiff:

> The entry of a judgment of *non pros* and a subsequent request for relief from such judgment are governed by different tests.
>
> To dismiss a case for inactivity pursuant to a defendant's motion for *non pros* there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.
>
> In contrast, a petition to open a judgment of *non pros* is governed by a different standard. Pennsylvania Rule of Civil Procedure 3051(c) provides as follows:
>
> **Rule 3051(c) Relief from Judgment of *Non Pros***
>
> (c) If the relief sought includes the opening of the judgment of *non pros* for inactivity, the petition shall allege facts showing that

---

[3] The docket included in the certified record does not reflect a separate order related to the petition to open the judgment, and the trial court in its opinion does not indicate that the petition remains pending.

(1) the petition is timely filed,

(2) there is a meritorious cause of action, and

(3) the record of the proceedings granting the judgment of *non pros* does not support a finding that the following requirements for entry of a judgment of *non pros* for inactivity have been satisfied:

(i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,

(ii) the plaintiff has failed to show a compelling reason for the delay, and

(iii) the delay has caused actual prejudice to the defendant.

Thus, in addition to challenging the court's application of the [test governing the initial entry of the *non pros* judgment], a petitioner must also timely file his petition and assert a meritorious cause of action.

*Intech Metals, Inc. v. Meyer, Wagner & Jacobs*, 153 A.3d 406, 410-11 (Pa.Super. 2016) (cleaned up).

Both the trial court's initial entry of a *non pros* judgment and its ruling upon a subsequent petition to open it "are subject to the same abuse of discretion standard of appellate review." *Id*. at 411. "This means that the trial court's decision will be overturned only if it reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Banks v. Cooper*, 171 A.3d 798, 801 (Pa.Super. 2017) (cleaned up).

With these principles in mind, we turn to Plaintiff's arguments regarding the *non pros* judgment. We first consider Plaintiff's substantive challenge to the trial court's grant of the *non pros* judgment and failure to open it. Plaintiff maintains that the trial court abused its discretion in finding that she did not have a compelling reason for the delay in the case, reiterating that she was unaware that her prior counsel had retired and believed that he was prosecuting the matter. Plaintiff's brief at 12. Plaintiff asserts that she herself acted diligently, by engaging counsel in the first place, promptly obtaining new counsel once Defendants filed their motion and made her aware that prior counsel had not been acting, and that she is prepared to proceed to promptly enforce her rights with present counsel. *Id*. at 13.

Plaintiff also contends that Defendants did not show any prejudice recognized as relevant to the *non pros* analysis. She argues that the prejudice alleged by Defendants and accepted by the trial court, namely their inability to sell the property, is not related to the delay in her prosecution of her claims. Rather, "[i]f anyone has been harmed by the delay in returning the property to the rightful owner, it is [Plaintiff]." *Id*. at 15.

The trial court addressed Plaintiff's substantive claims of error as follows:

> This case began in January of 2011. For the first two years there was a fury [sic] of litigation regarding the pleadings. Plaintiff was scheduled to be deposed on January 24, 20[13], and she failed to appear. To date, no written discovery has been propounded nor any deposition taken. Plaintiff has done nothing to move her case forward, showing a lack of due diligence on her part and failing to

- 11 -

proceed with reasonable promptitude. [P]laintiff's explanation for not proceeding with the case was the retirement of her attorney years ago. The court does not find the Plaintiff's reason for her extreme delay compelling. It does not explain away eight years of no activity. If not for Defendant[s'] motion, there would still be no action in this case. Lastly, the Defendants are prejudiced by the delay. They have entered into an agreement of sale for the properties at issue . . . . To allow the properties to remain encumbered longer and have the Defendants miss out on what is commonly understood as a seller's market is extreme prejudice. The Defendants cannot be expected to wait indefinitely for the Plaintiff to proceed with her case.

Trial Court Opinion, 4/29/21, at unnumbered 3-4.

Upon review of the certified record in light of the trial court's opinion, we conclude that Plaintiff's arguments are unavailing. First, although the trial court made no explicit findings as to the requirements of Rule 3051(c)(1) and (2), we will assume *arguendo* that it deemed Plaintiff's petition to open the judgment to have been promptly filed and that it alleged a meritorious cause of action. Second, Plaintiff does not dispute that there was a lack of diligence in the prosecution of her case. Thus, the only points of contention, applicable both to the initial entry of the judgment and the trial court's refusal to open it, are whether Plaintiff had a compelling reason for the delay and whether Defendants established actual prejudice.

Plaintiff has not convinced us that the trial court's analysis "reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Banks*, *supra* at 801 (cleaned up). On the contrary, it was entirely reasonable for the trial court to feel less than compelled by Plaintiff's meager efforts to follow up with her attorney,

none of which had occurred in the five years prior to Defendants' motion. ***Cf. Horwath v. DiGrazio***, 142 A.3d 877, 883 (Pa.Super. 2016) (holding plaintiff presented a compelling reason for the inactivity caused by her attorney's abandonment where she had "documented efforts to get in touch with [counsel] to move the case forward" and "had relied on her counsel's representations that the lawsuit was being diligently pursued" (cleaned up)).

Further, we are not persuaded that prejudice in this context has as narrow a definition as Plaintiff advocates. As Defendants aptly note, were Plaintiff's position correct, a *non pros* could never be entered no matter how great the period of inactivity and uncompelling its reason, so long as the "witnesses remain available and all evidence is intact and accounted for. Such a view is contrary to the equitable principles upon which *non pros* is or is not entered." Defendants' brief at 14. Indeed, we have observed that "[c]ourts have the discretion to dismiss a case when a plaintiff has failed to diligently prosecute an action, and, as a result, caused a defendant prejudice, unfairness and anxiety." ***Somerset Cmty. Hosp. v. Allan B. Mitchell & Associates, Inc.***, 685 A.2d 141, 150 (Pa.Super. 1996).

Here, Plaintiff does not claim to own all or even a large portion of the land Defendants wish to sell, and, by her own pleadings, she patently contemplated that the disputed triangle would end up as Defendants' property. Yet she singlehandedly has prevented Defendants from alienating their lot for nearly a decade, while making no effort to pursue her supposedly

meritorious claims other than making a few unsuccessful attempts to contact her attorney. Upon these facts, we cannot hold that the trial court abused its discretion in ruling that Defendants should be permitted to take advantage of a favorable market and proceed with their sale now, rather than wait until Plaintiff and her new counsel get their case up to speed and start the discovery process that she actively thwarted eight years ago when she failed to appear for her deposition. Accordingly, no relief is due on Plaintiff's substantive challenge to the *non pros* judgment.

We next consider Plaintiff's contention that there were fatal procedural defects in Defendants' motion for *non pros*. Specifically, she contends that it was improper for the trial court to enter the *non pros* judgment "without an evidentiary hearing or even an argument." Plaintiff's brief at 10. Plaintiff argues that Rule 3051 "clearly contemplates a 'record of the proceedings granting the judgment of *non pros*,' [such that] there must be some fact finding process prior to the entry of *non pros*." **Id**. at 9. Plaintiff cites no authority that a hearing is necessary, but rather relies upon the well-settled law that a *non pros* may not be granted solely based upon a lack of diligence and that prejudice may not be presumed. **Id**. (citing, *inter alia*, **Jacobs v. Halloran**, 710 A.2d 1098, 1100 (Pa. 1998) (abandoning rule that prejudice may be presumed in entering *non pros* judgment ); **Ledger v. Eddy**, 710 A.2d 1227, 1227 (Pa.Super. 1998) (remanding appeal from denial of relief

from judgment of *non pros* founded upon presumed prejudice for application of *Jacobs* decision)).

Plaintiff also cites Defendants' improper filing of a motion, rather than a petition, in seeking entry of the judgment of *non pros*, in violation of Lancaster County Local Rule 206.1. *See* Plaintiff's brief at 17. This error, she maintains, "resulted in [Plaintiff's] being denied an opportunity to develop a record in this matter," since the Rule provides "for forty-five days of discovery and an equivalent opportunity to an evidentiary hearing." *Id*. at 18. This lack of the opportunity was further exacerbated, she contends, by Defendants' immediate filing of a praecipe for disposition pursuant to Local Rule 208.3, which caused the motion to be forwarded to a judge before a briefing schedule could be established for her response. *Id*. Plaintiff suggests that this haste resulted in the *non pros* judgment being entered before the court considered the response that she filed despite the rules violations. *Id*. at 19. Based upon these procedural defects, Plaintiff argues that the case should be remanded to give her an opportunity to develop a record. *Id*.

The trial court determined that any procedural defects in Defendants' motion did not warrant relief because they were *de minimis*. *See* Trial Court Opinion, 4/29/21, at unnumbered 4. It explained:

> Both parties presented their facts and arguments in the appropriate filings. Whether Defendants called their filing a motion or a petition the final result would be the same. Additionally, Defendant[s'] timing in filing the praecipe of disposition caused no harm. The court waited for Plaintiff's response before considering the motion. The court thoroughly

> reviewed the docket prior to signing the order dismissing the case. Furthermore, before denying the motion for reconsideration, the court held a phone conference with counsel to ask counsel to proffer what further information would be presented at a hearing so as to determine whether a hearing would be helpful to the Plaintiff and the court in making a decision. Plaintiff's counsel did not have any additional information but rather reiterated the same facts and arguments in her filings. Only after this conference call was Plaintiff's motion for reconsideration denied.

*Id*. (unnecessary capitalization omitted).

The trial court's explanation of the materials it considered, along with the timing of its ruling, convinces us that Plaintiff is entitled to no relief. It is clear that the trial court's rejection of Plaintiff's excuse for the delay was based upon accepting as true the factual representations she offered in her filings. Plaintiff was further given the opportunity to proffer additional evidence, but was unable to point to any new facts not already accepted by the trial court which would result in a different outcome. Stated plainly, Plaintiff is unable to point to any reason for failure to make contact with her attorney for eight years that would justify the delay. Nor does she contest the factual underpinnings of the prejudice caused to Defendants, rather, she offers only the legal argument rejected above. Consequently, we see no basis to remand the case to remedy the procedural irregularities.

In her last issue, Plaintiff complains that the trial court erred in striking the *lis pendens* in its February 3, 2021 order. We begin with a review of the applicable legal principles.

> *Lis pendens* is construed to be the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the

continuance of the action, and until final judgment. *Lis pendens* may be imposed when the property is subject to litigation and that any interest acquired by the third party will be subject to the result of the litigation.

The doctrine of *lis pendens* is based in common law and equity jurisprudence, rather than in statute, and is wholly subject to equitable principles. The doctrine does not establish an actual lien on the affected property. Its purpose is merely to give notice to third persons that the real estate is subject to litigation and that any interest which they may acquire in the real estate will be subject to the result of the action.

*In re Foremost Indus., Inc.*, 156 A.3d 318, 322 (Pa.Super. 2017) (cleaned up). We review a trial court's ruling regarding the striking of a *lis pendens* for an abuse of discretion. *Id*.

Plaintiff argues that a *lis pendens* "should remain in effect pending an appeal," observing that a court's *lis pendens* power exists during the pendency of the action "'**until its final judgment thereon**.'" Plaintiff's brief at 19 (quoting *U.S. Nat. Bank in Johnstown v. Johnson*, 487 A.2d 809, 812 (Pa. 1985) (emphasis in original)). Plaintiff suggests that the trial court's ruling should be reversed because, since Defendants did not ask for the *lis pendens* to be stricken, she had no opportunity to be heard on the issue before it was done. *Id*. at 20.

The trial court offered the following succinct response to Plaintiff's l*is pendens* claim of error: "The court did not err in striking the *lis pendens*. The *lis pendens* was dismissed with the final judgment for Defendants. Furthermore, Plaintiff did not request relief or stay pending this appeal." Trial

Court Opinion, 4/29/21, at unnumbered 4 (unnecessary capitalization omitted).

Plaintiff has failed to convince us that the trial court abused its discretion in striking the *lis pendens* simultaneously with the dismissal of her complaint. She offers no authority to establish that a *lis pendens* must be continued during an appeal. Nor has Plaintiff explained how she was harmed by the trial court's decision to strike what was not a lien but merely a notice to potential purchasers, where the reason Defendants sought to have her case dismissed was because their potential purchasers had notice of the now-defunct claim. Finally, Plaintiff offers no counter to the trial court's observation that she could have, but failed to, request a stay pending the appeal to preserve the status quo. Therefore, we have no reason to disturb the trial court's ruling.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021