J-A02017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| EVANOVICH, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WYATT, INC., AND DEVON S. WYATT | : | No. 846 WDA 2021 |

Appeal from the Order Entered June 29, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at GD-21-005639

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED:  January 28, 2022**

Evanovich, Inc. (Appellant) appeals from the order granting the motion to strike *lis pendens*[1] filed by the titleholder to certain real property, Wyatt, Inc. and Devon S. Wyatt (collectively, Wyatt).  We affirm.

In May 2020, Appellant entered into an agreement with Wyatt to perform landscaping work at a residence owned by Wyatt, located at 330 Shields Lane, Sewickley, PA (the property).  Wyatt paid Appellant $48,000.00 as a deposit for the landscaping.  Appellant completed the work in October

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] "A *lis pendens*, once properly indexed, provides notice to potential buyers that a piece of property is in litigation.  Anyone who buys such property takes title subject to the lawsuit's outcome."  **Barak v. Karolizki**, 196 A.3d 208, 211 n.2 (Pa. Super. 2018).

2020 and sent an invoice to Wyatt for $56,937.00. Appellant claims Wyatt failed to remit full payment.

On May 20, 2021, Appellant filed a complaint against Wyatt seeking monetary damages in the amount of $15,957.00.[2] The complaint pled three counts: breach of contract, *quantum meruit*, and unjust enrichment. Appellant also claimed the landscaping work considerably increased the value of the property, which Wyatt subsequently listed for sale. Simultaneously with the filing of the complaint, Appellant filed a praecipe for *lis pendens*.

On June 11, 2021, Wyatt filed a motion to strike *lis pendens* (motion to strike), arguing the doctrine was inapplicable because "[t]his matter involves a breach of contract dispute for money damages, and does not concern any issues of title or claims of ownership of [the p]roperty by [Wyatt]." Motion to Strike, 6/11/21, at ¶ 14. Wyatt cited this Court's decision in ***Psaki v. Ferrari***, 546 A.2d 1127 (Pa. Super. 1988), where we stated: "[A] party is not entitled to have his case indexed as *lis pendens* unless **title to real estate** is involved in litigation. *Lis pendens* may not be predicated upon an action seeking to recover a personal demand." ***Id.*** at 1128 (emphasis added); Motion to Strike, 6/11/21, at ¶ 15.

On June 14, 2021, Appellant filed a brief in opposition to the motion to strike, arguing that *lis pendens* was proper because Appellant's claim "touches

---

[2] Appellant also sought "equitable relief," "return of services, materials or labor," and attorney's fees. ***See generally*** Complaint, 5/20/21.

and concerns the [] property, specifically, the landscape." Brief in Opposition, 6/14/21, at unnumbered p. 3 (emphasis and brackets omitted).

By order entered June 29, 2021, the trial court granted Wyatt's motion to strike and struck the *lis pendens* indexed against the property. Appellant timely filed a notice of appeal,[3] followed by a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion rejecting Appellant's challenge to the order, reasoning, in relevant part:

> [Appellant's] $15,957 claim against [] Wyatt [] lacks any fraudulent conveyance, quiet title, specific performance or similar claim that places **title to real estate** at issue. Although [Appellant's] claim involves landscaping performed on [the property], it is very apparent that [] **Wyatt's title to that land is undisputed**. [Appellant] is prohibited from using a *lis pendens* as an alternative when "negotiations ... concerning the bill..." have prevented the timely filing of a mechanic's lien. Brief in Opposition to Motion to Strike, [6/14/21, at unnumbered p. 3], footnote no. 1 [(wherein Appellant stated that it "was unable to file a mechanics [*sic*] lien on the [] property due to negotiations taking place between [Appellant] and [Wyatt] concerning the bill owed to [Appellant] by [Wyatt].")]; 49 P.S. § 1502[(a)(1)] (mechanic's lien claim must be filed within six months after the completion of the work). Thus, my decision to strike the *lis pendens* was correct.

Trial Court Opinion, 8/23/21, at 3 (emphasis added; footnote omitted); *see also id.* at 2-3 (discussing, similar to *Psaki*, *supra*, precedential case law which explains that title to real estate must be at issue for a *lis pendens* to be proper).

---

[3] It is undisputed that "an order striking *lis pendens* is immediately appealable." *Barak*, 196 A.3d at 218.

On appeal, Appellant presents the following issues for our review:

I. WHETHER THE TRIAL COURT COMMITTED ERROR OF LAW, ABUSED ITS DISCRETION OR VIOLATED CONSTITUTIONAL RIGHTS IN STRIKING THE COMMON LAW *LIS PENDENS* ACTION?

II. MUST ACTUAL PHYSICAL TITLE BE AT ISSUE IN A COMMON LAW *LIS PENDENS* ACTION?

III. WHETHER ANY CLAIM THAT TOUCHES AND CONCERNS THE LAND IS SUFFICIENT TO WARRANT THE APPLICATION OF COMMON LAW *LIS PENDENS*?

Appellant's Brief at 4.

We address Appellant's issues together, as they are related and involve pure questions of law. Accordingly, "our scope of review is plenary, and our standard of review is non-deferential." **Quigley v. Unemployment Comp. Bd. of Review**, 263 A.3d 574, 589 (Pa. 2021).

We have explained:

> "[T]he doctrine of *lis pendens* is based in common law and equity jurisprudence, rather than in statute, and is wholly subject to equitable principles." **Dorsch** [**v. Jenkins**], 365 A.2d 861, 863-64 (Pa. Super. 1976) (citing **Dice v. Bender**, 117 A.2d 725 (Pa. 1955)). "[T]he doctrine does not establish an actual lien on the affected property." **McCahill** [**v. Roberts**,] 219 A.2d [306,] 309 [(Pa. 1966)]. "Its purpose is merely to give notice to third persons that the real estate is subject to litigation and 'that any interest which they may acquire in the real estate will be subject to the result of the action.'" **Psaki**, 546 A.2d at 1128 (quoting **Dice**, 117 A.2d at 727); **see also McCahill**, 219 A.2d at 309.

**Michael v. GLD Foremost Holdings, LLC**, 156 A.3d 318, 322 (Pa. Super. 2017) (some citations modified).

- 4 -

Appellant argues the trial court erred in striking the *lis pendens* because, contrary to the court's determination, "actual physical title of real property does not have to be at issue for application of the doctrine of *lis pendens*." Appellant's Brief at 11 (capitalization omitted). Appellant concedes that this Court has held "a party is not entitled to have his case indexed as *lis pendens* unless title to real estate is involved in litigation." ***Id.*** at 12 n.5 (quoting ***Psaki***, 546 A.2d at 1128) (underline in original). However, Appellant complains the "***Psaki*** Court cited to no relevant authority in support of this proposition." Appellant's Brief at 12 n.5. Appellant cites our Supreme Court's decision in ***Dice***, ***supra***, alleging that "all that [is] required to assert a common law *lis pendens* action is a declaration that a claim touches and concerns the land." ***Id.*** at 12 (underline in original) (citing generally ***Dice***, 117 A.2d 725). Appellant contends its claim against Wyatt "touches and concerns" the property, where Appellant improved the property with landscaping materials and labor. Appellant's Brief at 13. Finally, Appellant argues the trial court acted improperly by failing to make "any inquiry into whether or not the application of the doctrine of *lis pendens* was harsh or arbitrary nor whether the cancellation of the *lis pendens* would result in prejudice to [] Appellant, which Appellant asserts prejudice due to the lower court's cancellation." ***Id.*** at 11 n.3.

We disagree with Appellant and conclude the trial court correctly applied precedent in striking the *lis pendens* indexed against the property. Precedent

unequivocally holds that title to the real estate at issue in litigation must be implicated for a *lis pendens* to be proper. ***See***, ***e.g.***, ***Psaki***, 546 A.2d at 1128; ***Michael***, 156 A.3d at 322 ("If title to the property is not subject to the result of the litigation, then . . . [t]o impose *lis pendens* in such a case would prove to be an arbitrary application of the doctrine and, 'equity can and should refuse to give it effect, and, under its power to remove a cloud on title can and should cancel a notice of *lis pendens* which might otherwise exist.'" (quoting ***Dice***, 117 A.2d at 727)). Indeed, in ***Michael***, this Court reversed the trial court's refusal to strike a *lis pendens* indexed against real property, where the trial court "erred by ignoring the threshold requirement that **title to real estate** be at issue." ***Michael***, 156 A.3d at 323 (emphasis added) (citing ***Psaki***, ***supra***, and stating: "The outcome of the underlying contractual dispute will not affect who has title to [the real estate]. Rather, [plaintiff] demands money damages.").

Here, the record confirms the trial court's statement that, "[a]lthough [Appellant's] claim involves landscaping performed on [the property], it is very apparent that [] Wyatt's title to that land is undisputed." Trial Court Opinion, 8/23/21, at 3; ***cf. Barak***, 196 A.3d at 222 (*lis pendens* was appropriate where "[t]itle is clearly [at] issue" in plaintiff's quiet title action). Thus, the trial court properly struck the *lis pendens* indexed against the property, and did not err in failing to weigh the equities, as Appellant failed to

"establish the threshold requirement for *lis pendens*."[4] **Michael**, 156 A.3d at 324 (only where title to the real property at issue in litigation is implicated will a trial court proceed to weigh the equities); **see also Barak**, 196 A.3d at 218 (articulating the two-part test for reviewing a *lis pendens* and stating, "step one is to ascertain whether title is at issue in the pending litigation." (citation and quotation marks omitted)).

Finally, Appellant's reliance on **Dice**, *supra*, is misplaced, as the dispute in **Dice** implicated the issue of title, unlike the instant case. **See Dice**, 117 A.2d at 726; **see also** Trial Court Opinion, 8/23/21, at 2 (distinguishing **Dice** and correctly observing: "[Appellant's] argument, that a *lis pendens* may be filed for any claim that touches or concerns the land, is absent from the [**Dice**] decision.").

As the trial court did not err in its legal determination, we affirm the order striking the *lis pendens* indexed against the property.

Order affirmed.

---

[4] Further, contrary to Appellant's argument, this conclusion is not altered by the complaint's demand for equitable relief and the return of materials and labor, in addition to monetary damages, since title to the property is not at issue. **Cf.** Appellant's Reply Brief at 3.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/28/2022</u>